FREDERICK L. CUTTING *vs.* ATLAS MUTUAL INSURANCE
COMPANY, NATHAN A. DOWNS, petitioner.

Suffolk.    March 25, 1908. — June 16, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Insurance*, Fire, Construction of policy.    *Words*, "Exhausted."

The A. insurance company insured a company, which owned and operated a
system of tanks and pipes for the storage and transportation of petroleum and
its contents in various localities in Pennsylvania, against loss by fire to an
amount not exceeding $25,000 " on iron tanks and their contents consisting
of petroleum and its products, all while contained in the State of Pennsyl-
vania," and the policy contained the provision, "It is understood and agreed
that this insurance shall not attach until all specific insurance is exhausted."
A tank and its contents belonging to the insured and situated at Marcus Hook,
Pennsylvania, was destroyed by fire and, at the time of such loss, the insured,
besides the policy above described, had other insurance on the property so
lost and also on other property situated at Marcus Hook, and, after so much as
was due under these policies upon the loss in question had been paid, the insured
sought to recover the balance of the loss from the A. company.    The other poli-
cies were still in force as to other property at Marcus Hook, and the A. company
contended that the insurance which such other policies provided was " specific,"
and that it was not " exhausted."    *Held*, without deciding whether the other
insurance was or was not " specific," that the word "exhausted " used in the
A. company policy meant exhausted as to any loss as to which recovery was
sought, and therefore that, since no more could be recovered under the other
policies as to the loss in question, the insured could recover under the policy of
the A. company.

In construing a policy of insurance, such construction should be adopted, if fairly
warranted, as will best carry out the object for which the contract was entered
into, namely, that of securing indemnity to the insured for the losses to which
the insurance relates.

PETITION, filed October 3, 1904, in receivership proceedings
concerning the Atlas Mutual Insurance Company in the Su-
preme Judicial Court for the county of Suffolk, to establish a
claim under a fire insurance policy of that company.

There was a hearing before *Morton*, J., upon the pleadings
and an agreed statement of facts, and he reserved the case for
consideration by the full court.

*A. C. Burnham,* for the petitioner.

*F. T. Hammond,* receiver, *pro se.*

MORTON, J.    This is an intervening petition in receivership
proceedings concerning the Atlas Mutual Insurance Company
to establish a claim for a loss by fire under a policy issued by

that company on January 2, 1903, to the United States Pipe Line Company, insuring it for one year " For account of whom it may concern," against loss by fire to an amount not exceeding $25,000.

" On iron tanks and their contents consisting of petroleum and its products, all while contained in the State of Pennsylvania.

" Privilege to make additions, alterations and repairs, this insurance to cover same, to use oil or other lights, and to work at all hours, and for other insurance without notice until required.

" It is understood and agreed that this insurance shall not attach until all specific insurance is exhausted."

The Pipe Line Company was engaged in storing and transporting petroleum and had tanks at various places in Pennsylvania, where oil was stored.   On July 3, 1903, one of these tanks situated at Marcus Hook, Pennsylvania, was damaged by fire and its contents destroyed, and on July 11, 1903, another tank situated there was also damaged by fire and its contents destroyed.   This petition seeks to recover of the Atlas Company for these losses.   The Pipe Line Company assigned to the petitioner all its rights under the policy after the losses had occurred.   At the time of the fires the Pipe Line Company had other insurance on the property destroyed and on other property situated at Marcus Hook, amounting to $275,000. All of these policies, except three, insured the company against loss " on iron tanks and their contents consisting of petroleum and its products, all while contained at Marcus Hook, Delaware County, Pennsylvania."   The only difference in regard to the three was that those described the contents as " consisting of refined petroleum," instead " of petroleum and its products." This difference is immaterial.   All of these policies contained what is known as a " co-insurance clause."   In some of them the policies provided, in substance, that the companies should not be liable for a greater proportion of the loss than the amount of the policy bore to ninety per cent of the value of the property insured.   In the others the proportion was that which the amount of the policy bore to the whole value of the property insured. The value of the property insured under these policies was largely in excess of the amount of insurance, and only a portion of the losses sustained could, therefore, be collected under

them. The petitioner contends that the insurance under the other policies was not " specific insurance," and that, if it was, it has been " exhausted," and that the Atlas Company is liable up to the amount insured by it for the balance of the loss. The receiver contends that the insurance under the other policies constituted " specific insurance " within the meaning of those words as used in the policy issued by the Atlas Company, and that it has not been " exhausted," and that the Atlas Company is not therefore liable. These contentions present the questions at issue, which are, first, whether the insurance under the other policies constituted " specific insurance," and second, whether if they did, it has been " exhausted." It is agreed that if it did not constitute " specific insurance," or that, if it did and it has been " exhausted," the petitioner is entitled to recover, but if it constituted " specific insurance " and has not been " exhausted " then the petitioner is not entitled to recover. The question of interest in case of recovery is left for future adjustment.

We do not find it necessary to consider whether the insurance was specific or not, since we are of opinion that, if it was specific, it was exhausted. The contention of the receiver is, in substance, that, inasmuch as the policies still attach to other property at Marcus Hook, and the companies issuing them will be liable thereunder up to the full amount insured for other losses that may occur, the insurance has not been exhausted. In other words the contention is, not that the specific insurance has not been exhausted in respect to the amount collectible on account of these losses, but that the full amount of insurance has not been exhausted and that until that happens the Atlas Company and other companies insuring under like policies are not liable. We do not think that the construction contended for by the receiver is the true one. The contract of insurance is one of indemnity. It is to be fairly and justly interpreted according to the language used. But the purpose of the contract is to be borne in mind in construing it, and such a construction is to be adopted as, if fairly warranted, will best carry out the object for which the contract was entered into, namely, that of securing indemnity to the insured for the losses to which the insurance relates. *Dole* v. *New England Ins. Co.* 6 Allen, 373, 385. It is no doubt true, as contended by the receiver, that, speaking gen-

erally, under what is termed the co-insurance clause, the insurer's liability in case of loss is determined by the proportion which the amount insured by each insurer bears to the total amount of insurance, and that it is the amount of the insurance, in other words the face value of the policy, which is one of the determining factors. *Farmers' Feed Co.* v. *Scottish Union Ins. Co.* 173 N. Y. 241. But that affords no just criterion by which to measure the insurer's liability in a case like that before us. The policy in this case was what is termed a " floating policy," and was intended to supplement the specific insurance and to attach when the specific insurance ceased to cover the risks. *Peabody* v. *Liverpool & London & Globe Ins. Co.* 171 Mass. 114. The two together were meant to afford up to the amount insured complete indemnity for losses arising from the risks insured against, except so far as the insured was, if at all, a co-insurer, and should be construed accordingly. According to the construction contended for by the receiver, the insurance would fall far short of affording such indemnity in this case and in similar cases. The Atlas policy would not attach, according to his contention, until the entire amount of specific insurance had been required for the payment of losses. But we think that specific insurance is exhausted, not only when the entire amount so insured is required to meet a loss, but also when all that is collectible in respect to any given loss has been paid. In the latter case we think that it may be as fairly said as in the former, that the specific insurance is exhausted. It would no doubt be competent for parties to agree that a floating policy should not attach until the entire amount of the specific insurance had been required for the payment of losses. But it is loss from specified risks which parties insure against, and in respect to which they seek indemnity, and, in the absence of such an agreement, the most natural and reasonable construction is, it seems to us, that specific insurance is to be deemed to have been exhausted when all that can be collected has been collected for a loss arising from any of the risks so insured against. In some of the policies referred to in the agreed statement of facts the language is much more explicit, but the meaning is, we think, in substance and effect the same.

*Decree for the petitioner.*