THE MUTUAL BENEFIT LIFE INSURANCE COMPANY *vs.* COMMISSIONER OF INSURANCE.

Suffolk.   March 31, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Insurance*, Disability, Foreign company. *Corporation*, Foreign. *Commissioner of Insurance. Words,* "Total disability."

The words, "total disability," as used in G. L. c. 175, § 24, as amended by St. 1929, c. 235, should receive a construction which is not narrow and technical, nor, on the other hand, so free and liberal as to give a right which the words themselves do not import. Per PIERCE, J.

A foreign insurance company doing business in the Commonwealth was authorized by the statute under which it was organized to ". . . in-

sure . . . lives, and to make all and every insurance appertaining to or connected with Life risks of whatever kind or nature, as well of the sound in health, as the infirm or invalid." As supplementary to other policies of life and endowment insurance issued by it in the Commonwealth, it proposed to issue a policy in which it agreed to indemnify the insured against loss of earning capacity by reason of bodily injury or disease in the event of total and permanent disability and, in such event, to pay the premiums becoming due on the supplementary policy and on the co-existing policy. "Total disability" was defined in the supplementary policy as "incapacity (resulting from bodily injury or disease) to engage in any occupation for remuneration or profit," presumed to be permanent when the insured should have lost for a period of four months his capacity to receive income for personal services rendered to the extent of three fourths or more of his former earned income, averaged monthly for the twelve months immediately preceding such four months. The form of such proposed supplementary policy was disapproved by an order of the commissioner of insurance under G. L. c. 175, § 24, as amended by St. 1929, c. 235. Upon a petition for review of his action, this court *held*, that

(1) The definition of "total disability", proposed by the petitioner, was not a reasonable expression of the authority to define conferred upon the insurance company by said statute;

(2) The statute under which the company was organized did not authorize it to write such disability insurance as incidental to policies of life insurance; and therefore, under G. L. c. 175, § 152, as amended by St. 1925, c. 267, § 13, the company was not authorized to write such insurance in the Commonwealth;

(3) The order of the commissioner was affirmed.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on November 22, 1929, and described in the opinion.

By order of *Carroll*, J., the case was reserved upon the pleadings for determination by the full court. Material allegations of the petition and facts are stated in the opinion.

*F. H. Nash*, (*R. Wait*, with him,) for the petitioner.

*J. E. Warner*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the respondent, submitted a brief.

PIERCE, J. This case was reserved upon the pleadings by a single justice of this court for determination by the full court. It is a petition under G. L. c. 175, § 24, as amended by St. 1929, c. 235, praying that this court review the action of the respondent in refusing to approve the form of a policy insuring against disability, which the "petitioner

intends to use . . . as supplementary to other policies of life and endowment insurance issued by it."

The petitioner is a foreign corporation organized under a law of the State of New Jersey, approved January 31, 1845, and a "supplement to the act" approved January 27, 1848, by the Governor. Section 3 of the act of 1845 reads: "And be it enacted, That it shall and may be lawful for the said Corporation to insure their respective lives, and to make all and every insurance appertaining to or connected with Life risks of whatever kind or nature, as well of the sound in health, as the infirm or invalid." G. L. c. 175, § 152, as amended by St. 1925, c. 267, § 13, reads: "No foreign company shall transact in this commonwealth any kind of business not specified in its charter and in its license."

It is stated in the petition: "Your petitioner intends to use said form in the issuance of policies to be issued as supplementary to other policies of life and endowment insurance issued by it. The purpose of this supplementary policy is to insure the holder, to the extent of the premiums payable on both the original and the supplementary policy, against loss of earning capacity by reason of bodily injury or disease in the event of total and permanent disability. To that end the form provides that in consideration of the premiums your petitioner 'hereby indemnifies' the insured 'against the loss of earning capacity by reason of bodily injury or disease' subject to the conditions and agreements contained in the form."

It is further provided in the form that "If . . . within the time and in the manner herein provided, there shall be submitted to the Company . . . due proof that the Insured is totally and permanently disabled" the petitioner will pay the premiums becoming due on the policy and on the co-existing policy; That "For the purposes of this insurance total disability is incapacity (resulting from bodily injury or disease) to engage in any occupation for remuneration or profit. Such disability shall be presumed to be permanent when it has been continuous for a period of four months. As proof of disability, it must be established that by reason of bodily injury or disease, the average monthly

earned income of the Insured for a period of four months has not exceeded one-fourth of his former earned income (averaged monthly for the twelve months immediately preceding such four months)." The words "earned income" as used in the above quotation are defined in the form as follows: "As herein used the term 'earned income' means wages, salaries, professional fees, and other amounts, received as compensation for personal services actually rendered in any profession, trade or business, not including therein amounts received as a pension or retirement allowance, or as a temporary continuance in whole or in part of customary earned income during the Insured's enforced absence from business on account of bodily injury or disease."

Under date of November 14, 1929, in answer to the application of the petitioner filed with the respondent on November 5, 1929, for the approval of the form of policy which it intends to have used as supplementary to other policies of life and endowment insurance issued by it, the respondent notified the petitioner that, in his opinion, because of these provisions "the said form does not comply with the laws of the Commonwealth," and pursuant to G. L. c. 175, § 24, as amended by St. 1929, c. 235, specified his reasons therefor as follows: "1. The said form of policy does not provide solely for the payment of benefits or the waiver of premiums on account of the total and permanent disability of the insured, as required by said Section 24, as amended, but provides for the payment of benefits or the waiver of premiums on account of the partial disability of the insured resulting from bodily injury or disease. 2. The company is not permitted by the terms of its charter to make contracts, or issue policies of insurance against loss or damage on account of accidental injury or death or disease of the insured, and it is therefore prohibited under Section 152 of said chapter, as amended, from issuing this form of policy under said Section 24, as amended." As not germane to the reservation, we put to one side consideration of the weight to be given in the future to similar applications perforce of laws of 1930, c. 28 of the State of New Jersey,

which became effective on March 24, 1930. We also disregard a certain notice of the respondent "To all life insurance companies authorized in Massachusetts," in reference to "Standard provisions for total and permanent disability benefits in connection with life policies" to become effective "on or after July 1, 1930."

The petitioner concedes, as we understand, that the phrase "totally and permanently disabled from any cause," contained in G. L. c. 175, § 24, as amended by St. 1929, c. 235, in its literal sense is in opposition to the quoted form of the policy, but contends that the provision of the policy above quoted which defines "total disability" and when "such disability shall be presumed to be permanent" is a compliance with the requirement of G. L. c. 175, § 24, as amended by St. 1929, c. 235, to the effect that the provision in policies of life companies which provide for accidental death benefits and for waiver of premiums "shall define what shall constitute total and permanent disability." In support of the reasonableness of the definition presented in the form submitted for the approval of the respondent, the petitioner contends that any definition of what shall constitute total and permanent disability must necessarily be based entirely upon ascertainable facts available alike to the policy holder and the company, and that the limitation which the proposed definition puts upon the words "totally and permanently disabled" is one which is clearly advantageous to the policy holder in that it removes the settlement of claims from the realm of company judgment which is "neither reliable nor uniform."

It further contends, in substance, that the provision of the submitted form defining the limitation of total disability as a state of incapacity which arises by reason of bodily injury or disease and is established by proof that the insured because of the injury or disease has lost for a period of four months his capacity to receive income for personal services rendered to the extent of three fourths or more of his former earned income, averaged monthly for the twelve months immediately preceding such four months, is in effect a rule of construction readily deducible from the

decisions of many States, which are collected in the petitioner's brief, to the effect that the words, "total disability," or equivalent words, in accident and casualty insurance policies and in workmen's compensation statutes, are not absolute but relative terms, depending to large extent upon the circumstances of the particular case; and, as a corollary thereto, that one is totally disabled as well when he cannot perform any substantial part of the work required by his regular business in the customary and usual manner. Giving to the words "total disability" the construction put upon them and equivalent words by the majority of the decisions, the petitioner contends that one who can earn but twenty-five per cent of his normal income is in every reasonable sense a person who has suffered a total disability as those words are used in G. L. c. 175, § 24, as amended.

We think that the words, "total disability," as used in G. L. c. 175, § 24, as amended, should receive a construction which is not narrow and technical, nor, on the other hand, so free and liberal as to give a right which the words themselves do not import; but we cannot agree that the proposed definition of "total disability" is a rule reasonably deducible from the decisions or one that is a reasonable expression of the authority given by the statute to define the phrase "totally and permanently disabled."

We also think the petitioner under its charter rights, *supra,* at the time it made application for the approval of the provisions of its proposed policy did not have authority to write disability insurance arising from accident and disease in connection with policies of life insurance on the theory that such writing was incidental to life insurance. *Aetna Life Ins. Co.* v. *Hardison,* 199 Mass. 181.

It results that the order of the respondent must be affirmed.

*Order affirmed.*