MANUEL F. REZENDES *vs.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

Bristol.    February 9, 1933. — March 26, 1934.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Insurance*, Disability. *Contract*, Construction. *Practice, Civil*, Appellate Division: appeal. *Words*, "Total," "Permanent."

Where the language of a policy of insurance permits two rational interpretations, that more favorable to the interests of the insured is to be taken.

A policy of insurance, under the heading "Total and Permanent Disability Benefits," provided for the payment to the insured of a certain monthly income "in the event of total and permanent disability before age 60" if "the Insured shall become totally and permanently

disabled, either physically or mentally, from any cause whatsoever, to such an extent that he . . . is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value . . . ." Further provisions were: "Notwithstanding the acceptance by the Company of proof of total and permanent disability, the Insured, upon demand by the Company from time to time . . . for the purpose of verifying that such disability is actually permanent and not temporary, shall furnish due proof that he .. . . actually continues in the state of disability defined above . . . ." *Held,* that the language of the policy, properly construed, meant that the insured was entitled to disability benefits if his condition in fact became such that he was unable to work without running the risk of increasing his disability or of shortening his life.

At the hearing in a district court of an action by the insured upon the policy above described, there was medical testimony to the effect that the plaintiff's heart and nervous condition was serious; that working was likely to increase his trouble; that while he would be able to do some work, the amount of which could not be definitely stated by a physician, he ought not to work; that any work light or heavy requiring attention or exertion would eventually impair his health; and that if he worked continuously he would impair his health and shorten his life. There was further evidence of effects injurious to the plaintiff which followed numerous slight physical and mental efforts attempted by the plaintiff from time to time. The trial judge found that "the plaintiff is not in a physical and mental condition to do any work to such an extent as to enable him to engage in any occupation for any kind of compensation of financial value without unreasonable, excessive and harmful effort or exertion detrimental to his condition; in his present heart and nervous condition any continuous exertion, either physical or mental, may shorten his life," and found for the plaintiff. *Held,* that

(1) The findings were warranted;

(2) The plaintiff's condition warranted recovery under the provisions of the policy.

At the hearing in this court of an appeal by the defendant from an order of an appellate division dismissing a report by a judge of a district court who found for the plaintiff, the defendant is not entitled to raise for the first time questions of law, which were not raised at the hearing in the district court either by specific requests for rulings or by specifications required by Rule 28 of the District Courts (1922), as amended, in a motion for a finding for the defendant upon the law and all the evidence.

CONTRACT. Writ in the Third District Court of Bristol dated July 25, 1931.

In the District Court, the action was heard by *Milliken,* J. Material evidence and findings made by him are described in the opinion.

The defendant asked for the following rulings:

"1. The plaintiff has the burden of proving, (a) that he has been totally disabled, either physically or mentally, to such an extent that he was rendered wholly and continuously unable to engage in any occupation or perform any work for any kind of compensation of financial value during a period of ninety consecutive days; (b) that he has, prior to the commencement of this action, furnished the defendant due proof of such disability during the period claimed in the declaration.

"2. The plaintiff was not totally disabled within the meaning of the policy if he was able to engage in any occupation or perform any work for any kind of compensation of financial value.

"3. Inability to perform his usual occupational duties, as distinguished from other kinds of work, is not sufficient to constitute total disability as defined in the policy.

"4. To entitle the plaintiff to recover he must show at least a total disability to perform any work both as painter and also as a painting contractor.

"5. If the plaintiff was able to engage in the ordinary duties involved in his occupation as a painting contractor, though unable to do painting work and labor, he is not entitled to recover; that is, he must show total disability both as a painter and as a painting contractor.

"6. The plaintiff is not entitled to recover without showing total disability commencing December 1, 1930, as stated in his application for benefits, and continuing for a period of ninety days from that date.

"7. The plaintiff is not entitled to recover in this action unless he proves total disability caused by mitral insufficiency and hypertrophy of the heart as stated in the proof of disability submitted to the defendant.

"8. Upon all the law and evidence, the plaintiff has failed to prove the allegation of total disability within the meaning of the policy."

The judge granted the first, second and fourth requests; neither granted nor refused the third, fifth and sixth requests except in so far as done so by the following language:

"the third, fifth and sixth requests are covered by giving the first and second requests"; and refused to give the seventh and eighth requests.

The judge found for the plaintiff in the sum of $802.37, and reported the action to the Appellate Division for the Southern District. The report was ordered dismissed. The defendant appealed.

*W. S. Downey,* for the defendant.

*J. Ferreira,* (*W. R. Freitas* with him,) for the plaintiff.

DONAHUE, J. The plaintiff has brought suit to recover disability benefits of $100 per month from November, 1930, alleged to be due under a policy of insurance issued to the plaintiff by the defendant company on April 1, 1927.

The policy recites that the company "hereby insures the person herein designated as the Insured, for the series of monthly instalments hereinafter provided." It contains a provision for the payment of sixty monthly instalments of $100 each "upon receipt of due proof of the death of the Insured during the continuance of this Policy" and a further provision for the payment of the same number of additional monthly instalments of the same amount in the event of the death of the insured by accident. Under the caption "Total and Permanent Disability Benefits" it provides for the payment to the insured of a "monthly income" of $100 "in event of total and permanent disability before age 60, subject to the provisions as to Total and Permanent Disability contained in the Policy." Under the heading "Provisions as to Total and Permanent Disability" the policy states: "If the Insured shall become totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent that he . . . is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his . . . lifetime, and if such disability shall occur at any time after the payment of the first premium on this Policy, while this Policy is in full force and effect and the Insured is less than sixty years of age, and before any non-forfeiture provision shall become operative, the Company, upon

receipt of due proof of such disability" will waive payment of any premium falling due after the receipt of proof of such disability and will pay to the insured the monthly income above specified. Under the same heading the policy further provides that "Notwithstanding the acceptance by the Company of proof of total and permanent disability, the Insured, upon demand by the Company from time to time . . . for the purpose of verifying that such disability is actually permanent and not temporary, shall furnish due proof that he . . . actually continues in the state of disability defined above . . . ." In consideration of the payment by the insured of an additional premium, a rider was attached to the policy which states that: "The following provisions are hereby made part of the clause headed 'Provisions as to Total and Permanent Disability,' contained in this Policy: If due proof of total and permanent disability has not been previously furnished, and if the Insured shall furnish due proof that he has been totally disabled, either physically or mentally, from any cause whatsoever, to such an extent that he was rendered wholly and continuously unable to engage in any occupation or perform any work for any kind of compensation of financial value during a period of ninety consecutive days, and if such disability shall occur after the payment of the first premium on this Policy, while this Policy was in full force and effect and the Insured was less than sixty years of age and before any non-forfeiture provision became operative, such disability shall be presumed to be permanent and the Company will upon receipt of such proof grant the disability benefits provided, subject to all other provisions of said clause including those relating to proof of continuance of disability."

The case was tried in the Third District Court of Bristol. The judge found for the plaintiff. He stated in his finding among other things that no question of pleading was raised and that "the only issue involved at the trial was whether or not the plaintiff was totally and permanently disabled as provided in the policy. . . . I find as a fact that the plaintiff is not in a physical and mental condition to do any

work to such an extent as to enable him to engage in any occupation for any kind of compensation of financial value, without unreasonable, excessive and harmful effort or exertion detrimental to his condition; in his present heart and nervous condition any continuous exertion, either physical or mental may shorten his life." At the request of the defendant the trial judge reported to the Appellate Division his refusal to grant certain requested rulings of law and "the findings and order of the court in favor of the plaintiff." The Appellate Division ordered the report dismissed and the defendant has appealed.

The plaintiff became disabled after the payment of the first premium while the policy was in full force and effect and the plaintiff was under the age of sixty and before any nonforfeiture provisions of the policy became operative. It does not seem to have been in dispute that his disability began about December 1, 1930, and continued for more than ninety days prior to the bringing of the suit. The question mainly in controversy is whether or not he was disabled to the extent required by the policy in order to entitle him to monthly payments.

The policy in referring to disability of the insured repeatedly employs the absolute words "total" and "permanent" and their derivatives and synonyms but from a reading of the policy as a whole it is manifest that it was not intended that those words should be taken in a literal sense or given an absolute effect. So far as concerns totality of disability complete physical or mental incapacity is not necessary; the policy in terms makes the obligation of the insurer rest upon a lesser disability than "total." He is entitled to the stated monthly income if he is "totally disabled . . . to such an extent that he was rendered wholly and continuously unable" to do any remunerative work. Something less than absolute permanency of disability is contemplated. An obligation of the insurer to pay the stated monthly income arises if disability of the character described in the policy exists for a period of ninety consecutive days. In such case the "disability shall be presumed to be permanent."

Another clause in the policy requires the insured, even after payment of the benefits has begun, on demand by the insurer from time to time to furnish proof that his condition is "actually permanent." The words with which we are here particularly concerned are those which provide that the company will pay disability benefits "if the Insured shall furnish due proof that he has been totally disabled, either physically or mentally, from any cause whatsoever, to such an extent that he was rendered wholly and continuously unable to engage in any occupation or perform any work for any kind of compensation of financial value during a period of ninety consecutive days." The question of the construction of this language is presented.

As in the case of any other contract (*Oakes* v. *Manufacturers' Fire & Marine Ins. Co.* 131 Mass. 164, 165), if there is no ambiguity in the words of an insurance policy they must be given their natural and ordinary meaning. *Farber* v. *Mutual Life Ins. Co. of New York*, 250 Mass. 250, 253. If for any reason there is ambiguity in the language employed consideration must be given to the document as a whole, *Perry* v. *Provident Life Ins. & Investment Co.* 103 Mass. 242, and to its principal apparent purpose. *Cutting* v. *Atlas Mutual Ins. Co.* 199 Mass. 380, 382. Where the language permits two rational interpretations, that more favorable to the interests of the insured is to be taken. The insurer chose the words to express the contract of indemnity and whichever of two warranted interpretations of language best effectuates the main manifested design of the parties is to be favored. *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 471, and cases cited.

The provisions of the policy with reference to disability benefits manifest a purpose to furnish to the insured as indemnity for loss through physical or mental working incapacity a stated monthly income if he becomes disabled for a period of ninety consecutive days to the extent defined in the policy. The disability of an insured who still retains the power to do some work may be within the policy definition if he is "wholly and continuously unable" to do any work of such character that he can receive therefor any

financial compensation.  If the quoted words be taken in their absolutely literal sense no obligation of the insurer to pay disability benefits would arise if in any period of ninety consecutive days the insured for some space of time, however short, had the physical or mental ability, regardless of the harmful consequences to himself, to do some work, however little, for which he might be paid any financial compensation, however small.

We are of the opinion that the language of the policy defining disability in terms of the insured's capacity to do any work for financial compensation should not be given such a narrow and literal construction as to ignore serious or fatal consequences which would be likely to result if he undertook to perform such work.  As words are understood by reasonably intelligent men, one is wholly unable to work if he can do no work without seriously endangering his health or risking his life.  In *Genest* v. *L'Union St. Joseph,* 141 Mass. 417, 420, this court in construing a by-law of a benevolent association providing for sick benefits has said that "A man recovering from an illness of about three weeks' duration may justly be deemed to be 'incapable of working,' although by unreasonable, excessive, and harmful effort and exertion he succeeds in doing light work for two consecutive days, and then by reason thereof suffers a relapse."  Under the workmen's compensation act (G. L. [Ter. Ed.] c. 152, § 34) which provides that an injured employee is entitled to compensation "While the incapacity for work . . . is total," it has been held that such an employee is totally incapacitated for work although he has a limited physical capacity to work and earn money.  *Duprey's Case,* 219 Mass. 189. *Sullivan's Case,* 218 Mass. 141.  (See also *Meley's Case,* 219 Mass. 136; *Floccher's Case,* 221 Mass. 54.)  It has frequently been held in other jurisdictions that there is "total disability" within the rational meaning of those words if an insured's condition is such that reasonable care and prudence require that he refrain from doing work which would aggravate that condition or prevent its improvement.  *Travelers' Ins. Co.* v. *Plaster,* 210 Ala. 607.  *Cato* v. *Aetna Life Ins. Co.* 164 Ga. 392.  *National Life & Accident Ins. Co.* v.

*O'Brien's Executrix,* 155 Ky. 498. *Young* v. *Travelers Ins. Co.* 80 Maine, 244. *Hohn* v. *Inter-State Casualty Co.* 115 Mich. 79. *Jones* v. *Fidelity & Casualty Co. of New York,* 166 Minn. 100. *New York Life Ins. Co.* v. *Best,* 157 Miss. 571. *Rathbun* v. *Globe Indemnity Co.* 107 Neb. 18. *Fagerlie* v. *New York Life Ins. Co.* 129 Ore. 485. *McCutchen* v. *Pacific Mutual Life Ins. Co.* 153 S. C. 401. *Clarke* v. *Travelers Ins. Co.* 94 Vt. 383. The words here in question "should receive a construction which is not narrow and technical, nor, on the other hand, so free and liberal as to give a right which the words themselves do not import." *Mutual Benefit Life Ins. Co.* v. *Commissioner of Insurance,* 271 Mass. 365, 370. We think that it is a fair and reasonable construction of the language of the policy, consistent with the purposes of the insurance contract and not in violation of the quoted rule of construction, to hold that under his policy the insured is entitled to disability benefits if his condition in fact is such that he is unable to work without running the risk of increasing his disability or of shortening his life. The trial judge in effect found that to be the plaintiff's condition.

The defendant contends that the evidence did not warrant the finding of the trial judge with respect to the plaintiff's condition of disability. The summary of the medical testimony in the report occupies more than twenty-five pages. No useful purpose would be served by reviewing it in detail or discussing its contradictions. It is enough to say that there was medical testimony to the effect that the plaintiff's heart and nervous condition was serious, that working was likely to increase his trouble, that while he would be able to do some work, the amount of which could not be definitely stated by a physician, he ought not to work, that any work light or heavy requiring attention or exertion would eventually impair his health, and that if he worked continuously he would impair his health and shorten his life.

The plaintiff and his wife in their testimony described various effects injurious to the plaintiff which followed numerous slight physical and mental efforts attempted by the plaintiff from time to time since December 1, 1930.

We think that on this testimony and the testimony of the physicians taken in the light most favorable to the plaintiff (*Haun* v. *LeGrand*, 268 Mass. 582, 584), it cannot be said that the trial judge had no warrant for the finding he made relative to the plaintiff's present condition. That condition is such that the plaintiff is disabled to the extent required by the policy to entitle him to the disability benefits.

The trial judge did not give the defendant's requests numbered 3, 5 and 6, stating that they were covered by the giving of the first and second requests. In this we find no reversible error. The judge, without objection so far as appears from the plaintiff, adopted as governing the trial the theory of law expressed in the first and second requests of the defendant. In substance he thereby ruled that total disability within the meaning of the policy was not merely an incapacity to perform the duties of the occupation in which the plaintiff had been engaged up to December, 1930, or of similar occupations, but must amount to an inability to do any kind of work for any financial compensation in any occupation whatsoever. The judge in effect found as a fact that the plaintiff could not without detriment to himself do such work. The first and second requests included the substance of the third and sixth requests and more. The defendant concedes in its brief that the fourth request which was given included the substance of the fifth which was not, and that no harm was done the defendant by the refusal.

The defendant contends that judgment should be entered for the defendant on the ground that proof of total and permanent disability within the meaning of the policy was not given to the defendant. The policy contains no other specification as to the character of such proof than that it shall be "due." The defendant filed in the trial court no request for a ruling that the proof in fact furnished was not "due" or adequate.

We find no error in the refusal of the seventh request which asked for a ruling in substance that the plaintiff could not

recover unless he should prove at the trial certain statements contained in one of the several certificates furnished to the defendant by the plaintiff's physicians. This request, far from suggesting to the judge that any question was raised as to the adequacy of proof furnished before suit was brought, relies on a portion of such proof and insists upon conformance therewith in the evidential proof furnished at the trial. If in the eighth request based "Upon all the law and evidence" the question of adequacy of proof before suit can be said to be latent, the defendant is not of right entitled to a review of the refusal to grant it in the absence of specifications required under Rule 28 of the District Courts (1922) as amended June 20, 1929. *Holton* v. *American Pastry Products Corp.* 274 Mass. 268. From all that appears the matter of the adequacy of the proof furnished before trial has been raised for the first time in this court. The report states that "the only issue involved at the trial was whether or not the plaintiff was totally and permanently disabled as provided in the policy." It does not appear that the defendant made objection before the trial judge to this definition of the issue. There was no application to the Appellate Division for a recommittal of the report for a correction in this respect, *Shapira* v. *Walker*, 225 Mass. 451, nor was there a motion in this court for a discharge of the appeal. Under the circumstances here appearing the question of the adequacy of the proof required by the policy will not now be considered.

*Order dismissing report affirmed.*