Rowe, J.
This is an action to recover six monthly income instalments under a disability provision of a policy of life insurance issued by the defendant on the life of the plaintiff. The contention of the defendant is that the plaintiff was not totally and permanently disabled within the meaning of the terms of the policy, but that there was only a partial disability which could be cured by a minor operation. There was a finding for the plaintiff.
The policy contained the provision that the plaintiff would be entitled to benefits if he “has become totally and permanently disabled by bodily injury or disease, so that he is, and will be, permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit, and from following any gainful occupation.”
*20 The report states that “with the exception of a view and examination of the plaintiff’s right hand by the court and the insurance policy as an exhibit, this action was submitted on the following agreed statement of facts: both parties hereby stipulate that the following facts are true.”
The agreed statement of facts, so far as applicable to the issue before us is as follows: “The insured suffered a fracture of his right arm at the elbow when he was twelve years of age. The callous which formed about this fracture encroached upon the ulnar nerve so as to cause a condition known as ulnar paralysis. He felt no ill effects and did not know of this ailment until 1933. This condition increased so that on December 28, 1935, when the insured was fifty-eight (58) years old, he became unable to use the ring and little finger of his right hand. His right thumb also become atrophied at the base, causing a weakness of the grip and rendering it impossible for him to perform manual labor. With the exception of this impairment of the use of his right arm, the insured has suffered from no other disability.
“Prior to December 28, 1935 the insured had operated a dairy farm in Westport where he maintained 35 cows. This farm consists of 104 acres of which 34 acres are tillable land and has remained under cultivation, and the plaintiff performed the various manual tasks necessary for the proper cultivation and upkeep of his land. He milked some of his cows, plowed his land, used a cultivator, a weeder and various farm implements necessitating the use of both arms and hands. He was aided in the cultivation of this land by two sons, and a son-in-law, who, together with himself, were able to do all the work on the farm.
“On December 28, 1935 and thereafter until the date of the writ herein, the insured has been unable to perform *21 the manual tasks generally required of a farmer and has restricted himself to the active supervision and management of his farm. Two of his sons and a son-in-law with a man that he has hired since December of 1935 have done the ploughing, cared for the cattle, and performed such other manual labor as is necessary in accordance with the instructions .given by the plaintiff. The plaintiff has directed what should be planted on various pieces of land and walks over the land and advises the help what should be done and when to do it. He has also ordered supplies necessary for use upon the farm and when the occasion required has looked at, inspected and purchased certain cows to take the place of other cows that had gone dry which he sold to butchers.
“He has been able to drive the family pleasure car in spite of his affliction. He has been a director of the Farmers’ Dairy Company, a milk distributing organization which purchases his milk and the milk of other cooperative farmers and has attended directors’ meetings frequently.
“The plaintiff did not have the advantage of any schooling and has never pursued any line of endeavor other than farming. From the farm, the milk, the produce and the crops, the plaintiff receives the proceeds; but nevertheless, it has always been necessary for the manual work which he formerly did to be accomplished by his children or by hired help.
“It is agreed that the foregoing statement contains all the facts, and that the Court may draw reasonable inferences therefrom.”
Was there a total disability of the plaintiff within the terms of the policy? The words “total disability should receive a construction which is not narrow and technical, nor on the other hand so free and liberal as to give a right which the words themselves do not import.” Mutual Ben *22 efit Life Ins. Co. v. Commissioner of Insurance, 271 Mass. 365, 370. In Adamaitis v. Metropolitan Life Insurance Co., Mass, Adv. Sh. (1936) 1601, 1605 it is said that “ it is sufficient that his disability is such that it prevents him from performing remunerative work of a substantial and not merely trifling character. Rezendes v. Prudential Ins. Co. of America, 285 Mass. 505, 510, 512. Trebles v. New York Life Ins. Co., Mass. Adv. Sh. (1935) 1645, 1646. Metropolitan Life Ins. Co. v. Poster, 67 Fed. Rep. (2nd) 264, 267, See Mutual Benefit Life Ins. Co. v. Commissioner of Insurance, 271 Mass. 365.”
In Kaneb v. Equitable Life Assurance Society, Mass. Adv. Sh. (1939) 1823, 1824 decided since the case at bar was arg-ued before us, it is said “the question was, whether the insured during the period covered by the declaration was ‘totally. . . disabled’ to such an extent that . . . (he was) prevented thereby from engaging in any occupation or performing any work for compensation of 'financial value. ‘Such language does not require complete physical or mental incapacity of the insured.’ ‘It is sufficient that his disability is such that it prevents him from performing work of a substantial and not mere trifling character.’ Adamaitis v. Metropolitan Life Ins. Co., Mass. Ad. Sh., (1936) 1601, 1605. In Boss v. Travellers Ins. Co., Mass. Adv. Sh. (1936) 2099, 2099, 2103 it is said ‘engaging in an occupation or employment for wage or profit imports a continuing earning capacity upon which one can rely to a substantial degree for livelihood. ’ ”
In the case at bar, from the agreed statement of facts it appears that the plaintiff had been previously engaged in operating a dairy farm of 35 cows upon a farm containing 104 acres of which 34 acres- were under cultivation, and that he with others performed the manual labor in connection therewith.
*23 Then came the impairment of the plaintiff’s physical condition. The agreed statement of facts states that he then was “unable to use the ring and little finger of his right hand. His right thumb also became atrophied at the base, causing a weakness of the grip and rendering it impossible for him to perform manual labor. With the exception of this impairment of his right arm, the insured has suffered from no other disability.” He was unable to perform the manual tasks generally required of a farmer and has restricted himself to supervision and management of his farm. He also advises the help what to do and orders supplies and purchases and sells cows. He is also director in a milk distributing organization and frequently attends directors’ meetings.
Under these circumstances in view of what is said in the above quoted cases as to total disability we are of opinion that the plaintiff did not become totally disabled and that a finding for the defendant was required.
The trial judge has reported his findings, as well as his orders and actions upon requests for rulings, for our consideration. There was error in his finding for the plaintiff upon the agreed statement of facts, and the finding should have been for the defendant. In view of the conclusion we have reached, we need not consider the other contentions also made by the defendant.

Judgment for the defendant.