Wilson, J.
This is an action of contract upon three life insurance policies seeking to recover additional amounts, as provided in the Accidental Death Benefit clause thereof. The answer was a general denial, and also the claim that the deceased insured died before she had attained the age of fifteen years, as required ¡by the terms of said clause.
The case was heard in the trial court upon an agreed statement of facts. The plaintiff requested the court to rule as follows:
“1. Upon the statement of agreed facts and inferences to be drawn therefrom, the plaintiff is entitled to recover because the insured was injured and died after she had attained age 15 within .the meaning of that term as used in the policies.
“2. Upon all the evidence the plaintiff is entitled to recover because the insured was injured and died after she had attained age 15 within the meaning of that term as used in the policies. ’ ’
*68 The trial court denied said requests for rulings and found for the defendant. He also made the following specific findings and rulings:
“After considering all the facts set forth in the above mentioned agreed statement, and the rational inferences to be drawn from said facts, I am of the opinion that on the date of her death, February 14, 1939, the assured, who was born June 18, 1924, could not legally be included in the class of persons who had attained the age of fifteen. I, therefore, rule as a matter of law that the above mentioned agreed statement of facts requires a finding for the defendant.”
The pertinent words of said clause in the policies are “after attaining age 15 and prior to attaining age 70.”
It is admitted that the insured came to her death ‘ ‘ solely through external, violent and accidental means.” And it is agreed by counsel for .both parties that the sole question for decision is whether the insured had arrived at the prescribed age so as to entitle recovery of the special benefits conferred by said clause.
It was said in Nutter v. Mroczka, Mass. Adv. Sh. (1939) 1039, 1043:
“If the agreed statement of facts constituted a case stated (Frati v. Jannini, 226 Mass. 430, 431) these requests are immaterial since it was the duty of the trial judge to make a correct decision on the case stated, and a report of such a decision presented to the Appellate Division, and presents to this court on appeal, all questions of law raised by the ease stated and involved in the decision. Howland v. Stowe, 290 Mass. 142, 146-147. Antoun v. Commonwealth, Mass. Adv. Sh. (1939) 709:”
The rules governing the interpretation of fife insurance policies have been stated in Rezendes v. Prudential Insurance Co., 285 Mass. 505, 511, as follows:
“As in the case of any other contract (Oakes v. Manufacturers’ Fire & Marine Ins. Co., 131 Mass. 164, 165), *69 if there is no ambiguity in the words of an insurance policy they must be given their natural and ordinary meaning. Farber vs. Mutual Life Ins. Co. of New York, 250 Mass. 250, 253. If for any reason there is ambiguity in the language employed consideration must be given to the document as a whole, Perry v. Provident Life Ins. & Investment Co., 103 Mass. 242, and to its principal apparent purpose. Cutting v. Atlas Mutual Ins. Co., 199 Mass. 380, 382. Where the language permits two rational interpretations, that more favorable to the interests of the insured is to be taken. ’ ’
The policies expressly provide that they constitute “the entire agreement between the Company and the Insured and the holder and owner hereof.”
The language in the policies before us, over the construction of which the controversy arises, is found in the clause entitled, Accidental Death Benefit, provides for additional benefits in certain cases of accidental death and is as follows :
“Upon receipt of due proof that the insured, after attaining age 15 and prior to attaining age 70, has sustained . . . bodily injuries . . . resulting in death.”
We are of the opinion that the words, “after attaining age 15,” are free from ambiguity within the rule of construction referred to in Rezendes v. Prudential Insurance Co., 285 Mass. 505, quoted above.
The words must be taken together and when so taken they cannot be understood to mean anything less than a period of life equal to fifteen full years. Grant v. Grant, (1840) 4 Younge & O. Exch. 256, 160 Eng. Reprint 1001— cited in 84 A. L. R. (note) 390, does not require a different conclusion from that reached by us. There the words were “on the day she attains her twenty-fifth year,” and were held to mean when she attains the beginning of her twenty-fifth year.
*70 Again, referring to the rule in Rezendes v. Prudential Insurance Co., 285 Mass. 505, supra, unless the words under discussion are themselves ambiguous, we need not examine the remainder of the document for an explanation of their meaning. Given their natural meaning and taken in connection with the clause in which they appear, we are of opinion that to obtain the benefits of the Accidental Death Benefit clause the insured must have lived fifteen full years.
The cases of Johnson v. American Central Life Insurance Company, 212 Mo. App. 290, Wilson v. Mid-Continental Life Insurance Company of Oklahoma, 159 Okla. 191, Watson v. Loyal Union Life Asso., 143 Okla. 4, and Bay Trust Co. v. Agricultural Life Ins. Co., 279 Mich. 248, are not authorities for a decision contrary to that reached iby us.
No prejudicial error appears and the report is dismissed.