Toomey, J.
INTRODUCTION
This matter is before the court on the motion of defendants Paul Revere Life Insurance Company (“Paul Revere”) and Unum Provident Corporation (collectively, defendants) for partial summary judgment in an action brought by plaintiff Denise Valenti (“Dr. Valenti”). In her action, Dr. Valenti alleges breach of a disability income insurance policy (Count One) and violation of G.L.c. 93A (Count Three). In addition, she seeks a declaration that she is totally disabled under the terms of a policy issued to her by Paul Revere (Count Two). Defendants seek summary judgment only on Count Two.
For the following reasons, the defendants’ motion is ALLOWED.
BACKGROUND
A. The Policy
Dr. Valenti purchased a disability income insurance policy from Paul Revere in June of 1992. At the time, she was employed as an optometrist, working one to two days a week as a clinical optometrist for Harvard Community Health Care (“Harvard Community”) and conducting a private homecare clinical optometry practice 2V2 to 3 days a week. The Policy provided for a total disability benefit and, under certain specified circumstances, a residual disability benefit based upon loss of income.
The dispute at bar arises primarily from the Policy’s definitions of “total disability” and “residual disability.” The pertinent policy provisions are:
Total Disability: “Because of Injury or Sickness . . . You are unable to perform the important duties of Your Occupation.”
Residual Disability: “Due to Injury or Sickness . . . You are unable to perform one or more of the important duties of Your Occupation or You are unable to perform the important duties of Your Occupation for more than 80% of the time normally required to perform them; and . . . You are not totally disabled.
Your Occupation: “The occupation or occupations in which you are regularly engaged at the time Disability begins.”
For an individual to make a claim for disability benefits, the Policy requires that “written proof of loss ... be sent to [Paul Revere] within 90 days after the end of each period for which the insured . . . claims benefits,” but in no event more than a year after the date such proof of loss was required. The Policy also contains a contractual limitations period barring any “legal action . . . after 3 years from the date of which proof of loss is required.”[2]
B. The Claim
On her June 1992, application for the Policy, Dr. Valenti listed her occupation as “Optometrist,” specifying the duties of her occupation as “70% home care optometry (home bound elderly) [and] 30% conventional [optometry].” In August of 1992, Dr. Valenti was diagnosed with a heart condition (Familial Dilated Cardiomyopathy) that required her to stop working as an optometrist.
On November 16, 1992, when Dr. Valenti filed a Statement of Claim in support of her request for total disability benefits, she again stated her occupation as “Optometrist.” On that statement, she listed the duties of her occupation, in order of importance, as:
(1) direct patient care to homebound . . . eye exams in patient’s homes, primarily elderly majority in inner-city Boston neighborhoods .. . , 3-5 visits per day, 2-3 days per week . . .
(2) transport . . . each exam requires equipment weighing 43 pounds, special procedures equipment weighs additional 10-30 pounds, majority patients 2-8 flights up, no elevators,
(3) paperwork and
(4) eye exams for Harvard Community.
Until February of 1993, Dr. Valenti filed monthly Progress Reports to provide continuing proof of loss. During that time, Paul Revere reviewed each monthly Report. After determining that Dr. Valenti remained totally disabled within the meaning of the Policy, as she claimed in each monthly Progress Report, Paul Revere issued Dr. Valenti a total disability payment for the preceding 30 days.
In her February 1993 Progress Report, Dr. Valenti indicated that, on February 18, 1993, she had re *374 turned to part-time work as an optometrist with Harvard Pilgrim (formerly Harvard Community). On that Report, she checked the box indicating that she was “unable to work” in her occupation. After receiving the February Report, Paul Revere sent Dr. Valenti a letter, on March 8, 1993, informing her that she was no longer eligible for total disability, but might quality for residual benefits. On her next Progress Report, dated April 11, 1993, Dr. Valenti indicated that she was “working in a limited capacity” in her occupation.
Dr. Valenti challenged the March 8, 1993 reduction in benefits, informing Paul Revere that she believed she was still entitled to total disability benefits because she was unable to practice homecare optometry. On May 24, 1993, Paul Revere sent Dr. Valenti a letter stating that, because her occupation included general optometry at Harvard Pilgrim, as well as her home healthcare practice, she was entitled only to residual benefits. Dr. Valenti, whose subsequent monthly Progress Reports indicated that she was “working in a limited capacity" in her occupation, accepted and cashed her monthly residual disability checks from February 1993 through March 1999. On March 10, 1999, after reviewing Dr. Valenti’s updated medical information, Paul Revere determined that she was able to practice optometry on a full time basis and terminated her residual benefits.
On February 15, 2000, Dr. Valenti filed this action, seeking payment of total disability benefits from February 1993 to the present, contending that she is totally disabled under the terms of the 1992 policy.[3] By March 2001, Dr. Valenti was, according to her deposition testimony, performing eye examinations on behalf of Harvard Pilgrim approximately twenty-five hours per week.
DISCUSSION
Summary judgment will be granted where there are no material facts genuinely in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). In assessing a Rule 56 motion, “[t]he evidence of the non-movant [here, Valenti] is to be believed and all justifiable inferences are to be drawn in [her] favor ."Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoted with approval in G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991)). “The nonmoving party may not simply rest on pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” Correllas v. Viveiros, 410 Mass. 314, 317 (1991).
The parties agree that the focus of the instant matter is upon the definition of total disability under the 1992 policy. Specifically, the parties are in dispute as to whether Dr. Valenti’s occupation is general “Optometry,” as defendants assert, or “Homecare Optometry,” which Valenti defines as a subspecialty of Optometry.
When she applied for her disability policy, Dr. Valenti identified her occupation as "Optometry.” Similarly, when she filed a claim statement for total disability benefits, although she identified tasks associated with home healthcare as two of her most important duties, she again stated that her occupation was “Optometry.” In addition, Dr. Valenti acknowledged at her deposition that “except for the transport and the type of patient,” the duties provided by an optometrist in a home setting did not differ from those rendered in an office setting. Dr. Valenti testified that an optometrist’s duties are to examine a patient’s eyes and, since 1995 or 1996, to treat eye infections.
The Policy, under which Dr. Valenti makes her claim, recites that, to receive total disability benefits, the insured must be “unable to perform the important duties of your profession.” In contrast, payment of residual benefits requires that the insured be “unable to perform one or inore of the important duties of your profession.” Defendants contend that because Dr. Valenti can perform eye exams for Harvard Pilgrim, she is able to perform some of the “important duties” of an optometrist and is thus not entitled to total disability benefits. Although Dr. Valenti concedes that she is able to perform the duties of general optometry, she argues that, because her heart condition prohibits her from traveling, and transporting heavy equipment, to patients’ homes, there exists evidence that she is precluded from performing the important duties of a homecare optometrist. That evidence, she maintains, demonstrates that there is a genuine issue of material fact as to whether she is entitled to total disability benefits as a homecare optometrist. Her reasoning is, however, not persuasive.
Because the parties dispute not the facts themselves, but rather the proper interpretation of those facts in light of the Policy language, the underlying contract claim may be resolved by this court as a matter of law. See USM Corp. v. Arthur D. Little Sys., Inc., 28 Mass.App.Ct. 108, 116 (1989) (wherematerial facts are not in dispute, interpretation of contract is question of law for the court).
Where there is no ambiguity in the words of an insurance policy they must be given their natural and ordinary meaning. See Rezendes v. Prudential Ins. Co., 285 Mass. 505, 511 (1934). It is well established that a court must, wherever possible, give meaning to every word and phrase of a contract. Computer Systems of America, Inc. v. Western Reserve Life Assurance Co. of Ohio, 19 Mass.App.Ct. 430, 437 (1985). Application of those two legal principles to the Policy at bar permits *375 resolution of the instant dispute. The words unambiguously distinguish between an insured’s inability to perform the “important duties” of her occupation (total disability) and inability to perform “some of the important duties” of her occupation (residual disability). The plain meaning of those terms, as applied to the circumstances at bar is that, if Dr. Valenti can perform some of the important duties of her occupation, she is not totally disabled.
Dr. Valenti does not dispute that she is currently able to perform eye exams, which she acknowledges to be an important duty of an optometrist. She asks the court to find, however, that she is totally disabled because, although she can perform eye exams, she cannot perform some of the other important duties associated with homecare optometry.
Dr. Valenti’s proffered interpretation, if accepted, would render meaningless the Policy’s distinction between permanent and total disability. See Dym v. Provident Life & Acc. Ins. Co., 19 F.Sup.2d 1147 (S.D.Cal.1998) (“Insurance policies containing provisions for total and partial disability must be construed as a whole, so as to give effect to the entire contract”). As a matter of law, therefore, because Dr. Valenti is able to perform eye exams, and eye exams are an important duty of an optometrist, any distinction between homecare optometry and regular optometry is immaterial to a determination of the type of benefits to which she is entitled under the Policy. See DiTommaso v. Union Central Life Ins. Co., 1991 U.S. Dist. Lexis 9159.
At bar, no reasonable trier of fact could conclude that Dr. Valenti’s work conducting eye exams was not an “important duty” of her occupation. See Yahiro v. Northwestern Mutual Life Ins, Co., 168 F.Sup.2d 511, 518 (2001). There is no factual contest of the proposition that Dr. Valenti is able to perform, and has for several years been performing, routine eye exams in an office setting. She is not, therefore, totally disabled under the terms of the Policy. See Metropolitan Life Ins. Co. v. Blue, 133 So. 707, 710 (1931) (person is not totally disabled because he is somewhat handicapped, and cannot do all the specialized work he could before the disability intervened). “ ‘Total’ is in contradiction to ‘partial’ disability. The one cannot by mere construction be made to cover the other.” Id.
CONCLUSION
Because there is no genuine issue of material fact as to whether Dr.Valenti is able to perform eye examinations, one of the important duties of her occupation, as a matter of law she is not entitled to total disability benefits under the Policy.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment on Count II of plaintiffs complaint is ALLOWED. The court declares that Dr. Valenti is not totally disabled under the terms of the policy.

 Plaintiff acknowledges in her Memorandum in Opposition, that, under the three-year contractual limitation provision of the Policy, her claim for total disability benefit for the time period before November 15, 1996, three years and ninety days before she filed this action, is barred.

 Valenti also seeks residual benefits under the policy for the period from February 1999 to the present. That question is not currently before the court.