KATHERINE SODERLUND *vs.* JOHN HELMAN.
SAME *vs.* SAME.

Worcester.    September 29, 1913. — October 20, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Contract,* In writing, Performance and breach, For support. *Damages,* In contract. *Evidence,* Relevancy and materiality. *Practice, Civil,* Exceptions.

*It seems,* that in an action to recover damages for the alleged breach of a contract in writing in a foreign language, where there is a dispute between the parties as to the correct translation of the contract, the question which translation is the correct one is for the jury.

In an action by a woman for an alleged breach of a contract in writing to furnish her with board and food during her life and also to pay her $10 monthly, testimony of the plaintiff, that she had been in need of food and that she had left the defendant's house because she was afraid of him, is competent as tending to show that the defendant had not furnished the plaintiff with food as he agreed to and that the plaintiff was justified in leaving his house and in not going there for food; *also,* in such action, evidence of the fair market price per week of a woman's board is admissible, upon the question of damages, as tending to show the fair value of the food that the defendant failed to furnish.

In an action by a woman for an alleged breach of a contract in writing to furnish her with board and food during her life and also to pay her $10 monthly, the defendant is not harmed by the admission of the testimony of a deputy sheriff introduced by the plaintiff to show the service upon the defendant of a demand by the plaintiff's attorney for the payment of all money due under the contract, even if as matter of law no such demand was necessary.

In an action by a woman for an alleged breach of a contract in writing to furnish her with board and food during her life and also to pay her $10 monthly, where there is evidence that the plaintiff was under a reasonable apprehension of bodily injury in case she went to the defendant to demand food, it is proper for the presiding judge to instruct the jury that the plaintiff, to recover for a failure to furnish food, must show that she made a demand therefor upon the defendant unless she was under a reasonable apprehension of bodily injury and that such apprehension would excuse her from making the demand, and also to instruct them, that in making such a demand for food the plaintiff was not bound to specify the kind of food she needed, but only to ask to be supplied with food; and it is also correct for the presiding judge to refuse to rule that the plaintiff

cannot recover unless she made a demand on the defendant, because, on proof of the alleged contract, the plaintiff would be entitled to receive $10 a month from the defendant without any demand.

MORTON, J.   These are two actions to recover damages for the breach of a written contract entered into, as alleged in the declaration, by the defendant and one Hanna Helman, his wife, with the plaintiff, whereby they agreed to furnish the plaintiff with board and food for the rest of her life and to pay her in addition $10 monthly during her life.   Hanna Helman, the wife, died before the action was brought.   There was a verdict for the plaintiff in each case, and the cases are here on exceptions by the defendant to the admission of evidence and to the refusal of the presiding judge* to give certain rulings requested.   The cases were tried and have been argued together.

The contract was in Swedish and the parties differed as to the translation and meaning of the language used.   According to the translation contended for by the plaintiff the defendant and his wife were to furnish the plaintiff with food for the remainder of her life according to her need and also to pay her $10 monthly. According to the construction contended for by the defendant the plaintiff was to receive from him and his wife board for the remainder of her life on demand according to her need, and this obligation was to be discharged by the payment of $10 monthly to her.   It must be assumed that the jury found that the translation contended for by the plaintiff was the correct translation.

The plaintiff was permitted to testify subject to the defendant's exceptions that she had been in need of food, and that she left the defendant's house because she was afraid of him.   The evidence was clearly competent as tending to show that the defendant had not furnished the plaintiff with food as he agreed and that the plaintiff was justified in leaving his house and in not going there for food.   Evidence which was also introduced, subject to the defendant's exception, of the fair market price per week of a woman's board, was competent on the question of damages as tending to show what was the fair value of the food which the defendant failed to furnish.   The testimony of the deputy sheriff of the service by him upon the defendant of a demand by the plaintiff's attorney for the payment of all moneys due the plaintiff under the contract

---

\* *Hall,* J.

did the defendant no harm, even if as matter of law no demand was necessary.

The first ruling requested, that on all the evidence the plaintiff was not entitled to recover, was rightly refused. There plainly was evidence warranting verdicts for the plaintiff. The second request that the plaintiff could not recover for the food was also rightly refused. The defendant was bound to furnish the plaintiff food according to her need, and if he did not he was liable to her for the fair value of the food not furnished. So much of the third request as was to the effect, that in order to entitle the plaintiff to recover for food she should have made demand therefor on the defendant, was given by the presiding judge with the qualification that the plaintiff would be excused from making such demand if under a reasonable apprehension of bodily injury in case she went to the defendant to make a demand for food. This was correct. There was evidence tending to show that she was under such apprehension. The rest of the ruling asked for to the effect that the demand must be accompanied with appropriate specifications of what food was needed, and unless the jury were satisfied that a demand with such specifications was made the plaintiff could not recover, was rightly refused. While the plaintiff, unless excused by the defendant's conduct, was bound to make a demand for food if in need thereof before the defendant could be said to be in default for failure to furnish it, she was not bound to specify what food she needed. It would have been enough to demand that she be supplied with food. Cases like *Gushee* v. *Eddy,* 11 Gray, 502, relied on by the defendant, are not applicable.

The fourth and last ruling requested was that to enable the plaintiff to recover she must have made a demand on the defendant. This was properly denied. According to evidence introduced by the plaintiff the defendant agreed absolutely and unconditionally to pay the plaintiff $10 monthly. That being so, no demand was necessary before bringing suit although, as already observed, one seems to have been made. *Andrews* v. *Frye,* 104 Mass. 234. 9 Am. & Eng. Encyc. of Law, (2d ed.) 199.

*Exceptions overruled.*

The cases were submitted on briefs.

*J. G. Annala,* for the defendant.

*P. F. Ward,* for the plaintiff.