ISAAC SCHURMAN *vs.* IMPROVED PLASTIC–SLATE ROOFING
COMPANY.

Suffolk. March 16, 1917. — May 25, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Construction. *Practice, Civil,* Waiver by conduct at trial. *Waiver.*

A roofing contractor, who had placed roofing material upon certain houses under a
contract containing a guaranty, afterwards caused his business to be incorporated
and became the president, treasurer and foreman of the corporation. The owner
of the houses having complained to him that the roofs were leaking, the cor-
poration, acting through the contractor, made the following proposition to the
owner: "We propose to furnish material and labor for repairing all leaks . . .
and recover same with a trowel course . . . for the total sum of $105. We
guarantee to maintain the above work absolutely water tight, ten years from the
date of completion, upon written notice of any defects thereof." The owner
accepted the proposal and paid the $105. Leaks occurring, the corporation,
upon general notice, repaired the defects for a time and finally refused to repair
further, basing its refusal upon an alleged failure of the owner to pay the $105
and not making any complaint as to the sufficiency of the notice. The owner
brought an action against the corporation for a breach of the warranty, at the
trial of which the defendant in no way contended that its warranty was con-
fined to leaks in the roof which existed when its contract was made and which
it then repaired. Such a contention it did urge, after a verdict for the plaintiff,
upon the argument of exceptions in this court. *Held,* that, under all the cir-
cumstances and in view of the practical construction put upon the contract by
the parties themselves, such contention was not open, it appearing that the
contract of the corporation was to cover and assume the contract of its presi-
dent and treasurer, to whose business it had succeeded.

CONTRACT OR TORT, with a declaration in two counts, the first
count alleging a breach of an express warranty contained in the
contract in writing, described in the opinion, as to the roofing on
buildings of the plaintiff, and the second count claiming damages
alleged to result from negligence in the repairing of the roof. Writ
dated March 11, 1914.

In the Superior Court the action was tried before *Chase,* J.
The material evidence and the exceptions of the defendant are
described in the opinion.

When the jury first came in to report a verdict, the presiding
judge, before the verdict was received, "asked the jury if they
had considered the question whether or not the $105 [which the

contract required the plaintiff to pay to the defendant] had been paid, to which the jury replied that they had not. The judge then requested the jury to withdraw and pass upon that question, and the jury then returned again in a few minutes to report. The jury reported a verdict of $500 for the plaintiff, and in response to a question put by the judge stated that they found that the plaintiff had paid the $105, and that the verdict was based on a breach of warranty by the defendant."

The defendant alleged exceptions.

*H. Bergson,* for the defendant.

*W. B. Grant,* for the plaintiff.

PIERCE, J. This is an action to recover damages in two counts for the same cause of action. The first count was for breach of an express warranty, the second for negligence in the performance of work. The jury found for the plaintiff on the first count and we accordingly treat the exception on the footing of a single count for the breach of an express warranty.

In 1905 and 1906 the plaintiff built some houses on Dawson and Templeton streets, Dorchester. The roofing material, Improved Plastic-Slate, was put upon the flat roofs of the houses under a contract and guaranty by one John Mandile who did business under the name of the Improved Plastic-Slate Roofing Company. Mandile caused his business to be incorporated under the name "Improved Plastic-Slate Roofing Co." and with its organization became its president, treasurer and foreman.

Because the roofs were leaking the plaintiff, after the incorporation, went to Mandile, and the defendant corporation in consequence thereof on June 20, 1907, acting through Mandile made the following proposal to the plaintiff: "We propose to furnish material and labor for repairing all leaks on twelve (12) houses . . . and recover same with a trowel course of Improved Plastic-Slate Roofing for the total sum of One Hundred and Five Dollars — $105.00. We guarantee to maintain the above work absolutely water tight, ten (10) years from the date of completion, upon written notice of any defects thereof." On June 29, 1907, this proposal was duly accepted by the plaintiff and thereupon it became operative as a contract.

At the trial it was not denied that the roofs did leak to the extent asserted by the plaintiff, and the defence there relied upon

was that the plaintiff had broken his agreement in not paying the full sum he had agreed to pay. In this regard the jury were instructed, "If, as the defendant claims, there is a balance of $50 remaining due upon that contract, the plaintiff, of course, having broken his agreement (which was to be performed before the defendant was called upon to do anything under its warranty which is contained in the last clause of the proposal), cannot prevail." Before the verdict was received the jury reported that they had found the plaintiff had paid the $105.

There was ample evidence to warrant the submission to the jury of the question whether "written notice of any defects" was given to the defendant in addition to two letters admitted to have been received and to oral demands to send men to make repairs on the houses in question. The question of the sufficiency of the notices, that is, whether under the contract defects and leaks were required to be specifically pointed out, was not in terms submitted to the jury and no exception was taken to the neglect of the judge to rule thereon. Moreover, as the case was tried, it was sufficient to charge the defendant to prove that it had written notice of any defects in the work it had guaranteed. *Soderlund* v. *Helman,* 215 Mass. 542.

The defendant now contends "that both the plaintiff and the trial judge misinterpreted the warranty given by the defendant;" that the contract meant and could mean only that the defendant undertook to repair existing leaks, recover with a trowel course of roofing the places in the roof repaired and maintain the repairs absolutely water tight; and argues that two things are necessary to enable the plaintiff to recover under the contract: first, he must show that the roofs leaked where the repairs were made; and second, he must show that he gave written notice of the defects in the work. The defendant's interpretation of the somewhat equivocal language of the contract would have the merit of plausibility were it not for the well recognized canon of construction of written instruments, that to arrive at the intention of the parties the contract is to be read in the light of the circumstances under which it was entered into, and to the further rule that regard should be given to the practical construction put upon it by the parties if the contract be uncertain or indefinite. *Buffington* v. *McNally,* 192 Mass. 198. *Smith* v. *Vose & Sons Piano Co.* 194 Mass. 193.

We are of opinion that the agreement was intended to be construed to cover and assume the obligation of Mandile to repair and maintain the roofs against leaks in the work done by Mandile for the period covered by the contract of the corporation, when that contract is read in the light of the fact that Mandile had put the roofing on the buildings; that he had guaranteed the work for six years; that he had caused the corporation to be organized to take over his business and his trade name; that he became its president, treasurer and foreman; that complaint was made to him that the roofs which he had covered leaked; that he dictated the proposal which was accepted by the plaintiff; that the corporation recognized and assumed the contract of Mandile; that it made repairs of leaks upon general notice of defects in the roofs in 1911; that it placed its refusal to make other repairs on the alleged failure of the plaintiff to pay the sum he had agreed to pay; that it made no complaint of the sufficiency of any notice; and upon the further fact that at the trial it made no requests for specific rulings to raise the question which it now endeavors to present. See *Harris* v. *North American Ins. Co.* 190 Mass. 361, 373.

The defendant's exceptions as to evidence relating to damages are predicated on his construction of the contract. As such construction is not adopted, the exceptions fail, and must be overruled.

<div align="right">

*Exceptions overruled.*