FREDERICK I. CURTIS, executor, *vs.* SWAN ISLAND CLUB, INC.

Suffolk.    February 7, 1934. — February 6, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Corporation,* Transfer of shares, By-laws, Social club.

The by-laws of a social corporation organized under G. L. (Ter. Ed.) c. 180 provided that if a shareholder should desire to sell his share he should sell it to the corporation and the corporation should buy it at "the price fixed by the shareholders"; that "such price shall remain in effect until a new price shall be fixed"; that upon the death of a shareholder, the corporation "shall be obliged to purchase his share . . . within one year after his death at the price [so] fixed"; and that the share certificate of a member should become void upon his death. About two years before the death of one of the members, the shareholders fixed the price of the shares at a certain sum. After his death, they fixed such price at a certain smaller sum. In a suit in equity by the personal representative of the deceased shareholder against the corporation, commenced after the smaller price had been fixed, it was *held,* that the plaintiff was entitled to recover from the corporation for the decedent's share the greater price in effect at the time of his death: there was nothing in the by-laws which permitted the defendant's shareholders to fix a new price after a shareholder's death.

BILL IN EQUITY, filed in the Superior Court on April 8, 1933, and afterwards amended, described in the opinion.

The suit was heard by *Keating,* J. Material evidence and a final decree entered by order of the judge are described in the opinion. The defendant appealed. The evidence was reported.

*R. G. Dodge*, for the defendant.

*R. E. Goodwin*, (*R. R. Duncan* with him,) for the plaintiff.

PIERCE, J. This is a bill in equity filed on April 8, 1933, by Frederick I. Curtis, executor of the will of Frederick W. Curtis, deceased. The bill seeks to enforce the obligation of the defendant to carry out its contract with the decedent to pay for his membership share in the defendant corporation, in accordance with the provisions of art. 5 of the defendant's by-laws and votes of the defendant's shareholders and directors pursuant thereto. Frederick W. Curtis died on June 2, 1931, and the defendant, at a meeting of its shareholders on May 13, 1932, fixed the price of the share at $3,200, which sum less the agreed deduction ($385) it has offered to pay and is now willing to pay. The part of art. 5 pertinent to the issue, "Is the defendant obligated to pay for the share of a deceased member on the basis of the current 'fixed' price obtaining at the date of death, or may the shareholders, after the death of a member, fix a new price which shall govern the amount to be paid?" reads as follows: "Whenever any shareholder desires to sell his share or shares he shall sell the same to the corporation and the corporation shall be obliged to purchase the same within one year. The price payable for each share shall be the price fixed by the shareholders either at a meeting by vote of a majority of all the shareholders or by a written instrument signed by such majority and such price shall remain in effect until a new price shall be fixed in the same manner. Upon the decease of any shareholder the corporation shall be obliged to purchase his share or shares within one year after his death at the price fixed as provided above. From the said price payable either to a shareholder or to the representative of a deceased shareholder shall be deducted such amount on account of the debts obligations and expenses of the corporation theretofore incurred or then accruing as the board of directors shall deem to be just."

The defendant is a shooting club organized on September 10, 1921, under the provisions of G. L. c. 180. It owns a tract of land in Currituck County, North Carolina, con-

sisting of nine thousand two hundred thirty-six acres, part of which is covered by water (four thousand one hundred forty-one acres) and is used by its members for shooting duck and geese. The club consisted of ten members until May 7, 1929, when an additional member was elected. Before the election of Arthur Lyman on May 7, 1929, there had been five changes in the stockholders — two purchases and three sales by the corporation at the price of $6,000 a share. April 16, 1928, it was voted at a shareholders' meeting "that in case an additional share is sold the price be fixed at $7,000." (No shares were sold.) On April 9, 1929, at a shareholders' meeting the value to be placed upon the shares under the by-laws was placed at $7,500. Frederick W. Curtis, a shareholder, died June 2, 1931. On September 2, 1931, at a shareholders' meeting it was voted to suspend "the right of a living member to require the Club to buy his share." "Mr. Palmer was asked to confer with the executors of the late F. W. Curtis and report to the members on the subject of the price to be paid by the club for his share." On April 1, 1932, at a shareholders' meeting, "it was unanimous opinion of the members present that a fair price for a club share would be $3200"; and it was unanimously voted, after discussion, "to advise Mr. Curtis' executors that the club would be willing to fix a price of $3200, less proper deductions according to the by-laws, for Mr. Curtis' share, provided [one] Mr. Ames purchased a share at the said price." On May 13, 1932, it was voted at a shareholders' meeting to sell a share to John S. Ames for $3,200, and "It was voted to fix the price of a share of $3200 and to pay the executors of Mr. Frederick W. Curtis, deceased, for his share $3200 less such deductions as the board of directors should determine according to the by-laws." The trial judge decreed that the defendant pay the plaintiff $7,500 less $385 for agreed deductions and plus interest and costs. The case is before this court on the defendant's appeal.

The decree must be affirmed. The by-law plainly states that the price fixed shall remain in effect "until a new price shall be fixed in the same manner." The price in effect at

the time of the death of Frederick W. Curtis was $7,500. It is provided in art. 7 of the by-laws that "Upon the death of any shareholder or upon the sale of his share to the corporation his certificate shall become void." Nothing is found in the by-laws to warrant an interpretation which would permit the defendant to fix a new price after the death of a shareholder.

The defendant corporation seems to have interpreted the by-law in accord with the contention of the plaintiff and the ruling of the court below. At the first meeting of the shareholders in 1922, it was voted to fix the price at $6,000, and thereafter until April 9, 1929, the corporation bought and sold shares at the price fixed at the first meeting. It does not appear that any purchase or sale was then in contemplation. It is a familiar rule that when the interpretation of an instrument is in doubt, and we do not think that this was, the interpretation given by the parties to it is entitled to weight. *Crowe* v. *Bixby*, 237 Mass. 249, 253. *New York Central Railroad* v. *Stoneman*, 233 Mass. 258, 263. *Schurman* v. *Improved Plastic-Slate Roofing Co.* 227 Mass. 129, 131.

*Decree affirmed with costs.* ·