CHARLOTTE OPPENHEIM & another *vs.* MARTIN COLTEN.

Suffolk.   May 14, 15, 1935. — June 25, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Contract*, Performance and breach.

In an action to recover money deposited in escrow with the defendant to be held according to a contract between the plaintiff and a third person, which contract was to be void unless performed by both parties on or before a certain date, it was no defence that the plaintiff had delayed the third person's performance by bringing and prosecuting a bill in equity against him for rescission of the contract, if the third person did not perform his part within the time limited or within a reasonable time after dismissal of the plaintiff's bill.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated May 23, 1934.

Upon removal to the Superior Court, the action was heard without a jury by *Brogna*, J., who found for the plaintiffs in the sum of $482.50.   The defendant alleged exceptions.

*J. H. Rosenshine*, for the defendant.

*D. Flower*, for the plaintiffs.

PIERCE, J.   This is an action of contract to recover the sum of $1,000, alleged to have been deposited in escrow with the defendant under a certain agreement between the plaintiff Alex Oppenheim and one Samuel M. Israel.

The declaration is in two counts, the first alleging, in substance, that on or about October 15 [5?], 1933, the plaintiff Alex Oppenheim entered into an agreement with one Samuel M. Israel whereby he was to become a partner with Israel in the hardware business then being conducted by Israel.   Under the terms of this agreement the plaintiffs deposited with the defendant $1,000 to be held in escrow by him until December 1, 1933; upon that date, if certain conditions of the agreement had been complied with by lsrael, the $1,000 was to be turned over to Israel, but if said conditions had not been complied with by Israel, then

the $1,000 was to be returned to the plaintiffs. The first count sets out more particularly that under the terms of the agreement Israel was to obtain "a release and discharge from his creditors of all his outstanding indebtedness, and also to obtain a discharge of a certain chattel mortgage on the stock and fixtures of said business in the sum of $500." The first count further alleges that Israel failed to perform the conditions by December 1, 1933; that in an action brought by the plaintiffs against him, the judge found that on December 1, 1933, Israel had failed to obtain a release and discharge from his creditors of all his outstanding indebtedness, and that he had failed to obtain a discharge of the chattel mortgage; that he did not perform his agreement and was not ready and able to perform it; that the plaintiffs made demand for a return of the $1,000; and that the defendant refused to return the money and now owes the plaintiffs the sum of $1,000 plus interest from December 1, 1933. The second count of the plaintiffs' declaration is on an "Account Annexed" for money had and received by the defendant to the plaintiffs' use in the amount of $1,000.

The defendant's answer is (1) a general denial; (2) that after the agreement alleged in the plaintiffs' declaration had been executed, the plaintiffs authorized the defendant to use and expend the sum of $542.65 of the said $1,000 for the purchase in the names of Pearl C. Israel and Charlotte Oppenheim of a certain stock of hardware belonging to Samuel M. Israel, trading under the name and style of Scituate Hardware Company, and that the defendant did use and expend said sum of $542.65 for said purpose; (3) that on or about October 5, 1933, the plaintiffs entered into an agreement with the defendant and one Samuel M. Israel, by the terms of which the plaintiff Alex Oppenheim and Israel agreed to become partners, under certain terms and conditions stipulated in said agreement to be performed on or before December 1, 1933, and that on November 7, 1933, the plaintiffs brought a bill in equity against this defendant and Israel, whereby the plaintiffs sought to rescind said agreement on the ground of false and fraudulent repre-

sentations alleged to have been made to them by Israel and to recover the sum of $1,000, which the plaintiffs seek to recover in this action from the defendant; that a trial was had on the merits and the judge found for the defendants in said cause and a final decree was entered dismissing the bill of complaint; and (4) that the bringing of the bill of complaint prevented Samuel M. Israel from further performing the said agreement and that he was not obliged further to tender performance thereof during the pendency of said suit. The answer also alleged that the plaintiffs did not perform said agreement but failed and refused to perform the same.

It is obvious that the answers, other than the general denial, are answers in confession and avoidance. It is to be noted that they are a condensed restatement of the "Statement of Findings" in said equity case, which is set out in full and at great length in the record. It is to be further noted that the judge in said "Statement of Findings" found that "Under the agreement the sum of $1,000 deposited in escrow by Oppenheim with [the defendant] Colten was to be paid over to Israel if the . . . conditions [stated in the findings] were complied with"; that "The defendant Israel has never actually obtained a discharge of said chattel mortgage"; that "The defendant Colten in his letter of October 27 [1933] said he would discharge his mortgage lien if Israel's creditors assented to the assignment"; that "At that time and at the time this case was heard (December 7 to December 13) out of a total of 51 creditors, 26 representing about $1,600 had assented, and 25 representing about $1,300 had not assented"; that "Assuming . . . that notwithstanding this fact, the assignee Quint would have been able to obtain a discharge of the mortgage by paying to Colten $500, the amount due on his mortgage out of the $542.65 which was the proceeds of the sale of Israel's stock and fixtures, there still remained the obligation of Israel to obtain a release and discharge from all his merchandise creditors," and he therefore found that Israel did not perform his agreement and was not ready and able to perform it.

It is to be further noted that the plaintiffs after the above "Findings" moved to amend their bill by an amendment stating "that the agreement of October 5, 1933, provided that if it was not consummated by December 1, 1933, it should be null and void and that the defendant Colten should return to the plaintiff Alex Oppenheim the $1,000 deposited in escrow; and it further alleged that said agreement was not consummated before December 1, 1933." The judge states that the amendment was not allowed for the reason that it did not set forth a cause "for which it was intended to be brought" (G. L. [Ter. Ed.] c. 231, § 55); that it clearly appears (the original bill being filed November 7, 1933) that the cause of action was not in existence when the bill was filed and that "the cause of action set out in the proposed amendment is a new cause for which it could not have been intended that the original suit was brought," citing *Bowen* v. *Fairfield*, 260 Mass. 38, 41. It is to be further noted that neither the plaintiffs nor the defendants appealed from the final decree, and that the principal defendant in the equity suit, Israel, is not a party to the present action.

At the conclusion of the trial in the pending action the judge made the following findings of fact: "subsequent to the written agreement between Samuel M. Israel and Alex Oppenheim and before December 1, 1933, the time for performance thereof, the plaintiffs authorized the defendant to use $542.65 out of the $1,000 he held in escrow under the terms of said agreement for the purchase from Milton Quint, Assignee, [of] the stock and fixtures of the Scituate Hardware Company and that the defendant did use $542.65 for said purpose." The judge on October 25, 1934, found for the plaintiffs in the sum of $457.35. On November 2, 1934, he vacated that finding and found for the plaintiffs in the sum of $482.50, and the defendant received notice thereof by mail on November 3, 1934.

Before the final arguments the defendant requested rulings numbered 1–15 inclusive. Rulings numbered 1, 2, 3, 4, 7, 9 and 11 were denied and those numbered 5, 6, 8, 10, 12 and 13 were refused as "Immaterial." Those num-

bered 14 and 15 were given in substance. These requests summarized by the defendant are as follows: "1. Whether the bringing of the former bill in equity by the plaintiffs before the date for performance by the defendants had arrived, to rescind the contract on the alleged ground of fraudulent misrepresentations, or the bringing and prosecution of said equity suit beyond the date for performance by the defendants, (a) made it unnecessary or useless for the said defendants to make any offer or tender of performance during the pendency of said suit; or (b) prevented the said defendants, as a matter of law, from performing said agreement on or before December 1, 1933. 2. Whether the defendant, who is a depository of funds which are to be paid over or returned upon the performance or non-performance of certain conditions in the contract, must return said funds to the plaintiffs who defaulted under the agreement and prevented or rendered unnecessary the performance thereof by the other contracting party."

The agreement, section 5, reads: "In the event that this agreement is not consummated by December 1, 1933, then in that event this agreement shall be null and void and the said Martin Colten agrees to turn back to Alex Oppenheim the said One Thousand ($1000) Dollars." The agreement, under date of October 4, 1933, bears the following indorsement: "Rec'd of Alex Oppenheim and or Charlotte Brand (Oppenheim) $1000 to be held in escrow by me in accordance with the terms of the agreement bet. Samuel M. Israel and Alex Oppenheim, dated Oct. 4, 1933. MARTIN COLTEN." It is plain the filing of the bill of complaint on November 7, 1933, was not a breach of the agreement of the plaintiffs to accept performance of the several acts which were required by the agreement to be performed by the defendant Israel by December 1, 1933. *Daniels* v. *Newton*, 114 Mass. 530. It is likewise true that the filing of the bill of complaint on November 7, 1933, and the pendency of the suit until after December 1, 1933, did not constitute such a repudiation of the contract as excused Israel from performance of the conditions of the agreement which were to be performed by him by December 1, 1933, or, in a broader aspect of the

agreement, within a reasonable time after the bill of complaint was dismissed by the court on April 25, 1934. As above noted, Israel is not a party to these proceedings. The agreement was not performed by him and the defendant depositary under his agreement is bound to return to the plaintiffs that part of the $1,000 which exceeded the sum he was authorized to use by the plaintiffs.

*Exceptions overruled.*