GREGORIO ARABIA *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Worcester.   September 28, 1938. — October 28, 1938.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Insurance,* Disability, Construction of policy, Proof of loss.  *Contract,* Construction.  *Law of the Trial.  Practice, Civil,* Exceptions: what questions open.  *Evidence,* Relevancy.  *Estoppel.*

In a supplementary contract attached to a life insurance policy issued by a company authorized under G. L. (Ter. Ed.) c. 175, § 24, to issue a policy against total and permanent disability, but not against either alone, a provision that total disability continuing for four months should be "deemed to be permanent only for the purpose of determining commencement of liability," in the absence of any further definition of permanent disability and in view of the company's own

construction by its conduct, meant that total disability continuing for four months was permanent disability.

An instruction to the jury, not excepted to, became the law of the trial and a party had no standing in this court to contend that the instruction was erroneous.

"Due proof" of total disability, required by the provisions of a policy of disability insurance, was furnished by. the insured's setting forth his claim by filling out in every detail blanks furnished by the insurer.

An opinion, which was set forth by a physician in a statement to an insurer under a policy of disability insurance and which was contrary in some particulars to statements made by the insured in a proof of claim made by him on blanks furnished by the insurer, was not part of the insured's proof nor binding on him.

Having furnished "due proof" of his claim under a policy of disability insurance, the insured, where the insurer did not request further proof of continuance of total and permanent disability after it had discontinued payments, was not required to furnish such proof before bringing an action for further payments.

On the issue, whether total and permanent disability of one insured under a policy of disability insurance continued after the insurer discontinued payments, testimony of attending physicians of the insured as to his condition after the commencement of the action was admissible in the discretion of the trial judge, the jury being instructed to consider such evidence only as bearing upon the insured's condition during the period before the date of the writ.

The mere facts that one, insured under a policy of disability insurance which provided that, upon total and permanent disability, he would be exempt from paying premiums, received and accepted without objection payment of less benefits than he was entitled to, and paid premiums during a time when he contended he continued to be totally and permanently disabled, did not estop him from maintaining an action for further benefits and repayment of such premiums.

CONTRACT. Writ in the Superior Court dated November 15, 1934.

The action was tried before *Broadhurst*, J. There was a verdict for the plaintiff in the sum of $1,455.87. The defendant alleged exceptions.

*C. C. Milton*, (*R. C. Milton* with him,) for the defendant.

*Nunziato Fusaro*, for the plaintiff.

RONAN, J. The plaintiff seeks in the first count of his declaration to recover benefits for total and permanent disability from April 10, 1933, to November 15, 1934, under a supplementary contract attached to a life insurance policy; and, in the second count, to recover the premiums paid during the same period. The jury returned a verdict for the plaintiff on each count of the declaration. The

defendant excepted to the denial of its motion for a directed verdict and to the admission of evidence relative to the plaintiff's physical condition subsequent to November 15, 1934, the date of the writ.

The supplementary contract provided that "If . . . due proof shall be presented at the Home Office of the Company that the Insured has . . . become totally disabled as the result of bodily injury or disease so as to be wholly prevented thereby from engaging in any occupation or employment for wage or profit, and that such disability has already continued uninterruptedly for a period of at least four months (such disability of such duration being deemed to be permanent only for the purpose of determining commencement of liability hereunder) the Company, during the continuance of such disability, will" waive payment of premiums due after commencement of such disability and pay monthly benefits in a certain amount beginning with the fourth month from the commencement of disability. A part of the caption of this contract is "Benefit for Total and Permanent Disability," but no mention whatever is made in the body of the contract concerning permanent disability other than in the portion above quoted.

It could have been found upon all the evidence that the plaintiff was so severely injured on September 10, 1932, that he has since been unable to engage in any occupation or employment for compensation. His ailments and incapacity resulting from the accident were set forth in great detail by himself and his physicians. There was evidence that his condition was "permanent and progressive" and that it "will become worse as time goes by." Written proof of his disability was given to the company on January 24, 1933. On May 5, 1933, the plaintiff's physician furnished the defendant a written statement concerning the plaintiff's condition. The plaintiff's proof and the physician's statement were made on forms furnished by the defendant. Thereafter, the defendant paid all benefits due under its contract up to and including April 10, 1933, and refunded the premiums that had then been paid during the plaintiff's disability.

The defendant contends that, in order to recover, the plaintiff must show that his disability was both total and permanent, and that permanence of disability cannot be presumed from total disability under the terms of the contract. It is true that the contract does not in terms define permanent disability. It provides that total disability, continuing for four months, shall be "deemed to be permanent only for the purpose of determining commencement of liability." The company could insure only against total and permanent disability. G. L. (Ter. Ed.) c. 175, § 24. It could not issue a policy against either total or permanent disability. *Mutual Benefit Life Ins. Co.* v. *Commissioner of Insurance*, 271 Mass. 365. *Shea* v. *Aetna Life Ins. Co.* 292 Mass. 575, 584. Liability could not attach until the total disability became permanent, and the provision in the contract fixing liability as commencing upon the continuance of total disability for four months, construed in the light of the statute, must mean that such a disability had then become compensable. Such a construction is supported by the design of the statute, the language of the contract, and the intent of the parties. *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505. *Shea* v. *Aetna Life Ins. Co.* 292 Mass. 575. Benefit payments were made by the company and received by the insured upon the understanding that total disability continuing for four months became a total permanent disability. "It is a familiar rule that when the interpretation of an instrument is in doubt, and we do not think that this was, the interpretation given by the parties to it is entitled to weight." *Curtis* v. *Swan Island Club, Inc.* 289 Mass. 399, 402.

No specific mention of the point now argued was made in the trial court although, in enumerating the grounds upon which he sought a directed verdict, counsel for the defendant stated that, "It has not been shown by any evidence that the plaintiff was disabled, under the provisions of the policy." The judge, however, construed the policy as providing "that where disability is continuous for four months it is presumed to be permanent," and so instructed the jury. This instruction, in the absence of an exception,

became the law of the trial and the defendant is foreclosed from now contending it was error. *Glines* v. *Berry Box & Package Co. Inc.* 248 Mass. 518. *S. E. Rand Transportation Co.* v. *Boston & Maine Railroad,* 273 Mass. 327. *Button* v. *Crowley,* 284 Mass. 308. *Lustenberger* v. *Boston Casualty Co.* 300 Mass. 130.

The evidence amply warranted the jury in finding that the plaintiff had suffered a total and permanent disability within the terms of the contract during the entire period alleged in the declaration. *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505. *Treblas* v. *New York Life Ins. Co.* 291 Mass. 138. *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215. *Rosemont* v. *Equitable Life Assurance Society, ante,* 139.

"Due proof" of total disability was required of the insured. The plaintiff furnished such proof on January 24, 1933, by a sworn statement setting forth that he was totally and permanently disabled on account of bodily injury resulting from an accident which occurred on September 10, 1932, while employed by a corporation (which he named) at his place of employment (the address of which he stated) when he "fell down while fixing a belt on machine." The names and addresses of his physicians were also included in the proof. Every question on the blank was answered. A claim within the contract of insurance was adequately described and constituted sufficient proof. *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471, 473. *O'Neil* v. *Metropolitan Life Ins. Co.* 300 Mass. 477, 481. The written statement of the physician\* which included an opinion inconsistent with the plaintiff's claim was not a part of the proof required to be given by the policy, *Taylor* v. *Aetna Life Ins. Co.* 13 Gray, 434, and was not binding on the insured. *Burke* v. *John Hancock Mutual Life Ins. Co.* 290 Mass. 299. If the plaintiff's disability continued uninterruptedly to be

---

\* There were two separate exhibits, one on a form entitled "Disability Benefit Claim, Insured's Application, Form 766–0–24," which was signed by the plaintiff; and the other on a form entitled "Disability Benefit Claim, Attending Physician's Statement, Form 767–0–29," which was signed by a physician. The physician in his statement, in answer to the question, "How long do you believe total disability will continue?" stated: "Impossible to state at present. About 6 mos." In answer to the question, "Do you believe disability will be permanent?" he answered, "I don't think so." — REPORTER.

total and permanent from the time of the accident to the date of the writ, then he was not required to give any other proof, unless requested to do so by the defendant. It was admitted that such a request was never made. There is nothing in the defendant's contention that the proof was insufficient and that it was entitled to other and further proof.

The defendant excepted to the admission of testimony by two physicians relative to the plaintiff's condition subsequent to November 15, 1934, the date of the writ in the present action. Both witnesses were his attending physicians, even if the plaintiff for a time subsequent to the accident had lived in California, and they could properly testify as to his physical impairment and infirmities resulting from the accident, together with his statements of his ailments and symptoms, made for the purpose of enabling them to determine his condition and to prescribe suitable medical treatment. *Fleming* v. *Springfield,* 154 Mass. 520. *Commonwealth* v. *Smith,* 213 Mass. 563. The burden was upon the plaintiff to show the extent of his disability during the period in question, and he was further obliged to show that his disability had persisted from the date of the accident to the date of the writ, in order to rely upon the single proof submitted to the defendant. Evidence of conduct, acts and declarations made by a person subsequently to a time when his mental or physical condition is to be determined, if near enough in time and of such a character as to have a legitimate bearing on the principal fact to be proved, may be admitted in evidence. The evidence in question could be found to have a proper tendency to show the plaintiff's physical condition at the time in issue. The judge was careful to warn the jury that it could be considered as bearing upon the plaintiff's condition only during that period. We cannot say there was an unreasonable exercise of discretion in permitting the admission of this evidence. *Commonwealth* v. *Abbott,* 130 Mass. 472. *Dumangue* v. *Daniels,* 154 Mass. 483. *Laplante* v. *Warren Cotton Mills,* 165 Mass. 487. *McCoy* v. *Jordan,* 184 Mass. 575. *Jenkins* v. *Weston,* 200 Mass. 488.

The defendant was not harmed by the receipt of only four benefit payments by the plaintiff without any objection from him, on June 3, 1933, when five such payments were then due, if, as he now contends, he was then totally and permanently disabled, nor by his payment of premiums during the period he now contends he was disabled. Such conduct of the plaintiff is not shown to have induced the defendant to take any action different from that which it would otherwise have taken. It took no action whatever after it refused to make further benefit payments. It is unnecessary to consider other grounds to show that the defendant's contention that the plaintiff is estopped to maintain this action is without merit. *Cleaveland* v. *Malden Savings Bank*, 291 Mass. 295, 297. *Industrial Bankers of Massachusetts, Inc.* v. *Reid, Murdoch & Co.* 297 Mass. 119, 124.

*Exceptions overruled.*