TELETRANSMISSIONS, INC. *vs.* NATHAN H. DAVID & another. August 25, 1977. There was no error in the judgment dismissing the bill by which the plaintiff corporation sought to have the defendants compelled to return to the corporation certain shares of its stock. The judge found that when the plaintiff was incorporated the stock was issued at a considerable discount to the defendant Nathan H. David's straw, the codefendant Stephen David (Nathan's son), as consideration for the defendant's oral agreement to act as a "communication consultant and advise the [plaintiff] in matters relating to the cable television industry" for an unspecified period of time; the plaintiff does not argue that this finding was plainly wrong. *East Longmeadow* v. *Springfield, ante,* 143, 148 (1977), and cases cited. Given the facts that (1) the written contracts contemporaneously entered into between the plaintiff and other promoters of the plaintiff to whom the plaintiff also issued stock in return for the performance of consulting services provided that such services were to be performed upon the demand of the plaintiff and (2) the defendant could not know the nature of the consulting services the plaintiff might desire him to perform until it should request him to perform such services, the trial judge could, and we infer did, find that a demand by the plaintiff (*Little* v. *Blunt,* 9 Pick. 488, 490 [1830]; *Soderlund* v. *Helman,* 215 Mass. 542, 544 [1913]; 3A Corbin, Contracts § 643 [1960]; Restatement [Second] of Contracts § 252, Comment a [Tent. Draft No. 7, 1972]) specifying the services to be performed (*Gushee* v. *Eddy,* 11 Gray 502, 503 [1860]; *Whitney* v. *Cheshire R.R.,* 210 Mass. 263, 267 [1911]; 3A Corbin, Con-

tracts § 640 [1960]; Restatement [Second] of Contracts § 252, Comment c [Tent. Draft No. 7, 1972]) was a condition precedent to any immediate duty by the defendant to perform such services. Restatement (Second) of Contracts § 251(1) (Tent. Draft No. 7, 1972). The judge was not plainly wrong in finding, on the basis of uncontradicted testimony by the plaintiff's president, that the plaintiff never made such a request which the defendant refused. We assume, as the plaintiff argues, that the defendant was bound by certain testimony including his own that, arguably during the period in which he had agreed to perform consulting services for the plaintiff, he had commenced full-time employment with another company and had indicated a desire to negotiate a settlement of certain litigation between the plaintiff and himself which would include a disassociation of himself from the plaintiff (see *Gaynor* v. *Laverdure,* 362 Mass. 828, 841 [1973]); nevertheless, that testimony did not require findings by the judge that the defendant had repudiated the contract and that a request by the plaintiff that he perform would be an idle and therefore unnecessary ceremony. *Oppenheim* v. *Colten,* 291 Mass. 234, 238-239 (1935). *Quinn* v. *Bowler,* 357 Mass. 265, 270 (1970). Contrast *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Authy.,* 367 Mass. 57, 61-62, n.2, and cases cited. The judge could have believed that the consulting services the defendant agreed to perform, being part time in nature, could have been performed outside of the regular hours of his full-time job.

*Judgment affirmed.*

BROWN, J. (concurring). I am constrained to concur; however, disputes of this nature between "unclean" parties would seem to come very close to requiring, with respect to the defendant Nathan's counterclaim, that "a court of equity should withhold its aid and not become the promoter of wrongdoing." *Johnson* v. *Yellow Cab Transit Co.,* 321 U. S. 383, 402 (1944) (Frankfurter, J., dissenting).

*Thomas C. Cameron* for the plaintiff.
*Clyde D. Bergstresser* for the defendants.