NATHAN GOLDFARB *vs.* CECIL N. MARCHIONNE & another.[1]   September 8, 1981. The plaintiff sought declaratory relief and specific performance of a purchase and sale agreement for premises to be used by the plaintiff for his pizza and soft drink business. The judge found, and his finding is not clearly erroneous, that although the price in the purchase and sale agreement was stated to be $60,000, the parties had actually agreed on a price of $100,000, and that the lower price had been inserted at the plaintiff's "insistence as he did not wish to have the property assessed ultimately at the higher figure." The judge ordered that the property be conveyed at a price of $100,000. The plaintiff appealed.

---

[1] Florinda Marchionne.

Although the parties argue at length about the applicability of the parol evidence rule, we do not consider that question. See *Beaman-Marvell Co.* v. *Gunn*, 306 Mass. 419, 422-423 (1940). See also *Ward* v. *Grant*, 9 Mass. App. Ct. 364, 368 (1980); Restatement (Second) of Contracts § 212, Illustration 4 (1981). The parties executed a written agreement containing a term deliberately designed to mislead the taxing authorities. We decline to lend our aid to enforce that contract, even though the issue of public policy was not raised by the pleadings or discussed by the trial judge. See *Gleason* v. *Mann*, 312 Mass. 420, 422 (1942); *Braga* v. *Braga*, 314 Mass. 666, 673 (1943). The criteria set forth in such cases as *Town Planning & Engr. Associates* v. *Amesbury Specialty Co.*, 369 Mass. 737, 745-747 (1976), *Harness Tracks Security, Inc.* v. *Bay State Raceway, Inc.*, 374 Mass. 362, 366 (1978), and *Joffe* v. *Wilson*, 381 Mass. 47, 55 (1980), are to be considered in determining whether the contract is enforceable. See *Young* v. *Southgate Dev. Corp.*, 379 Mass. 523, 526 (1980). Applying those criteria, we are satisfied that the parties' conduct justifies the denial of enforcement of the promise at any price. See *Teletransmissions, Inc.* v. *David*, 5 Mass. App. Ct. 864, 865 (1977) (Brown, J. concurring); Restatement (Second) of Contracts § 179 (1981); 15 Williston, Contracts §§ 1726, 1738 (1972).

There is no reason, however, why the defendants should obtain a windfall by retaining the deposit paid by the plaintiff. Cf. *Town Planning & Engr. Associates* v. *Amesbury Specialty Co.*, 369 Mass. at 747; *Joffe* v. *Wilson*, 381 Mass. 55; Restatement (Second) of Contracts § 197, Illustration 3 (1981). Accordingly, the matter is remanded to the Superior Court for the entry of judgment requiring the return to the plaintiff of his deposit and for such declaration or other relief as is consistent with this opinion.

*So ordered.*

*Joseph M. Cohen* (*Joseph Book* with him) for the plaintiff.
*Ralph F. Martino* for the defendants.

