BUSINESS BROKERS INTERNATIONAL CORPORATION *vs.* JAMES R. RODERICK, individually and as trustee. July 17, 1987. *Broker,* Commission. *Contract,* Validity. *Consumer Protection Act,* Businessmen's claim, Unfair act or practice.

This is a broker's commission case. The business of the plaintiff is predominantly that of a business broker, although it acts as a real estate broker incidentally where real estate is an asset of the business being brokered. The plaintiff is properly licensed as a real estate broker under G. L. c. 112, § 87UU, whereas one of its agents (Reid) was not licensed as a broker or salesman at the time of the sale at issue.

A master found that the plaintiff (through its agent Reid) was the efficient cause of the sale of the defendant Roderick's restaurant business (and real estate). In adopting the master's report a judge of the Superior Court ruled that "[t]he fact that Mr. Reid was not a licensed real estate broker is not sufficient grounds to invalidate the commission." Judgment was entered for the plaintiff. We affirm the judgment in all respects save that concerning the plaintiff's claim under G. L. c. 93A, as to which recovery was denied.

The major issue presented is whether the corporate broker's violations of G. L. c. 112, § 87RR (providing that no one may act as a broker or salesman without a license), and § 87VV (providing that no unlicensed salesman shall be affiliated with a broker), prevent it from suing to recover its commission. The principles which control in this case are discussed at length in *Town Planning & Engr. Assocs.* v. *Amesbury Specialty Co.*, 369 Mass. 737, 745-747 (1976), and *Harness Tracks Security, Inc.* v. *Bay State Raceway, Inc.*, 374 Mass. 362, 366-367 (1978).

---

In the circumstances of this case, we think the "vector of considerations" (*Town Planning, supra* at 746) points in the plaintiff's favor and the recovery of compensation should not be barred. In our consideration of all aspects of the business activity, we conclude that the plaintiff's agent's illegal behavior was only an incidental part of the performance of the contract. *Id.* at 745. On the master's findings, the primary purpose of the plaintiff's activities was the sale of a business; the real estate component of the sale was incidental to that larger purpose. Moreover, the plaintiff was properly licensed as a broker. On the findings the violation was not of § 87RR, which, by the express terms of that section, would have barred recovery of a commission, but of § 87VV, which contains no corresponding provision. Certain equitable considerations reflected in the master's findings also militate against the defendant's receiving a windfall. The judge did not err in concluding that the balance favored the plaintiff's receiving the agreed commission in this case.

The judge correctly could conclude that, contrary to the defendant's contention, the plaintiff's conduct did not constitute a violation of c. 93A because this action was initiated on the good faith belief that the plaintiff was entitled to the agreed upon commission. We do not agree with the trial judge, however, that the defendant's "activities . . . were [not] such as to raise an eyebrow of a person inured to the rough and tumble of this particular area of commerce." The master's findings, which were to be final, and were adopted by the judge, require that the plaintiff prevail on its c. 93A claim. As there were intentional misrepresentations in the common law sense, we have little difficulty concluding that the defendant's conduct reached the requisite level of rascality. The master specifically found that when Roderick made repeated oral promises to Reid and Pierce (the plaintiff's president) that he would pay "the 10 percent commission" to the plaintiff if they found a buyer for the business (including its real estate) he had no intention of paying a commission to the plaintiff in any event, and that such promises were made to "induce Reid and Pierce to continue their efforts to find a buyer for the [business]." See and compare *Levings* v. *Forbes & Wallace, Inc.,* 8 Mass. App. Ct. 498, 504 (1979).

The judgment in connection with the plaintiff's G. L. c. 93A claim (count four) is vacated, and the matter is remanded to the Superior Court for entry of a new judgment in such multiple of the plaintiff's actual damages under G. L. c. 93A, § 9 (reduced by the plaintiff's recovery under count two), as the judge deems warranted in light of what we have said above, and such attorneys' fees and costs as have already been determined by the master. In all other respects the judgment is affirmed.

*So ordered.*

*Marvin H. Margolies* for the defendant.
*Marshall F. Newman* for the plaintiff.