Welsh, J.
This is an action to recover a balance allegedly due on a promissory note. The trial judge found for the defendant, implicitly finding that the plaintiffs were not holders in due course, an issue on which the plaintiffs had the burden of *47 proof. G.L.c. 106, §3-307(3); see Perry v. Schlaikjer, 5 Mass. App. Ct. 864 (1977). The judge made no findings of fact; he was not required to do so. See Dist./Mun. Cts. R Civ. P., Rule 52(a). It cannot be gainsaid that the plaintiff’s ipse dixit that they were holders in due course was valueless in satisfying that element of their prima facie case. Id. at 867.
We do not reach the merits of this appeal. The record is deficient in many important respects. The record does not contain a copy of the pleadings. There is no record appendix as required by Rule 18C(a), Dist/Mun. Cts. R.A.D.A. The record consists of a transcript The appellant failed to file a brief. A record appendix is not merely a formal requirement: it is essential for appellate review. Shawmut Community Bank N.A. v. Zagami, 411 Mass. 802, 810-812 (1992). This requirement is not satisfied by filing a transcript. James H. Boyle & Sons, Inc. v. Prudential Ins. Co. of America, 359 Mass. 191, 193 n.2 (1971). There is an excellent discussion of the rationale for the general rule the appellate courts usually decline to examine parts in the trial court that are not included in Kunen v. First Agricultural National Bank of Berkshire County, 6 Mass. App. Ct. 684, 685-691 (1978). Finally, failure to file a brief in accordance with Rule 19(c), Dist./Mun. Cts. RADA is generally deemed a forfeiture of the right to appellate review. Bettencourt v. Poirier, 1994 Mass. App. Div. 88; Rosenthal v. Colonna, 1996, Mass. App. Div. 111, 112.
The appeal is dismissed.
So ordered.